The question in this case is whether the words "gold medal," used on the wrapper of an article of saleratus manufactured by the plaintiff, constitutes a trade mark, to which he has an exclusive right of use as against the defendants. The words in question were used upon a wrapper or label placed upon the packages of saleratus, in two forms: "Herrick Allen's Gold Medal Saleratus," and "J. Monroe Taylor's Gold Medal Saleratus." The wrapper contained no representation of a medal of any sort. The wrappers used by the defendants did contain, besides the words "Gillies' Gold Medal Saleratus," an engraved representation of a medal. The learned judge before whom the case was tried without a jury has found that the defendants' labels were not a facsimile, nor an imitation, colorable or otherwise, of the plaintiff's labels; that they were not designed or calculated to deceive purchasers, nor to lead them to believe that they were buying the plaintiff's saleratus, when they were, in truth, buying the defendants'.
He also found that the universally accepted and ordinary meaning of the term "gold medal" is to indicate a degree of merit or quality, and that "no new attribute or office is impressed on said term" by the use of it on plaintiff's labels; that such term does not, when used in connection with articles of merchandise, indicate either ownership or origin, and that the plaintiff has no right or property in the use of those words, so as to entitle him to the exclusive use of them on labels for saleratus manufactured by him, as a trade mark.
Whether the decision of the judge as to the meaning of the term gold medal in this connection is or is not to be deemed to be made on a question of fact, we deem it to be clearly correct. The phrase imports an affirmation, as of matter of fact, that plaintiff's saleratus had been awarded a gold medal, in some competitive exhibition, for its excellence. The use and meaning of such distinctions has become so common that the court may, from its own knowledge, supply any thing which might be indefinite in the proof or the finding. Gold medal is equivalent to *Page 334 
prize medal of the highest class. Such is its constant sense as applied to merchandise. It is an affirmation in respect to fact and to quality, comprehending, first, the idea of its having been awarded for excellence in some public competition; and, second, the idea of the affirmation of the possession of the actual excellence thus attested. Taking this to be the just sense of the words, they are not capable of being a trade mark. They do not indicate origin or ownership. Indeed, they cannot do so as long as other gold medals can be awarded in other competitions; for, in respect to any such article, the right of such person to whom a gold medal had been or should be awarded would be equal to announce the fact that his product had been so distinguished.
The cases sustain the views stated. In Batty v. Hill (Am. Trade Mark Cases, 669; 8 Law Times [N.S.], 791), an exclusive right in the words "Prize Medal, 1862," as a mark upon pickles, was denied. It was thought impossible that the words in question could indicate a particular manufacturer. A trade mark to be valid as such, must be a distinguishing mark of the goods to which it is attached; distinguishing them as to origin and not as to kind or quality. (Am. Trade Mark Cas., 736.) And on the same principle the attempt to secure as a trade mark the phrase "gold medal clothing," under the statute of the United States on that subject, was rejected by the patent office. (Browne on Trade Marks, 89, § 133.) Such a mark, if allowed and protected, would secure to the first gold medalist, the right thus to distinguish his wares to the exclusion of all future successful competitors. It falls within the scope of the reasoning of Judge DUER in respect to the use, as a trade mark, of the appropriate name of a manufactured article. He says, a right to such a use could only exist in those who have an exclusive right to produce the article itself. (Fetridge v. Wells, 4 Abb. Pr., 144, as cited inPhalon v. Wright, 5 Phila., 464; Am. Trade Mark Cas., 309.) So in this case, to sustain an exclusive right to the statement as of fact and by way of trade mark, that the plaintiff's saleratus is gold medal *Page 335 
saleratus, it would be needful that he should make out that no one else could have or make saleratus for which a gold medal might be awarded.
The case, in our opinion, falls within the principle stated inStokes v. Landgraff, "in respect to words, marks or devices which do not denote the goods or property, or particular place of business of a person, but only the nature, kind or quality of the articles in which he deals, a different rule prevails; no property in such words, marks or devices, can be acquired. (17 Barb., 608.) And to the same effect, in Caswell v. Davis (MS. Ct. of App., 1874),* FOLGER, J., giving the opinion of the court, says: "The general rule is against appropriating mere words as a trade mark. An exception is of those indicating origin or ownership, having no reference to quality or use. When they are used to signify a fact, or when, with what purpose soever used, they do signify a fact which others may by the use of them express with equal truth, others have an equal right to them for that purpose." The case of The Collins Co. v. Cowan (3 Kay 
Johns., 428), cited by him, sustains that position.
It can scarcely need to be added that if the law does not allow one to whom a gold medal has been awarded for the excellence of his product, to use that phrase as a trade mark, it much more will not protect the exclusive use of the phrase where the foundation of fact is wanting. To allow an exclusive right to its use in such a case, would be equivalent to protecting that which, if it operate at all, savors of imposition upon the public and partakes of the character of a false representation. (Flavell
v. Harrison, 19 Eng. Law and Eq., 15; Perry v. Truefitt, 6 Beav., 66.)
The findings distinctly negative any fraudulent use in the way of imitation or otherwise, of labels like those of the plaintiff, and of course the effect of any such element is excluded from consideration. The case stands upon the want of legal right in the plaintiff to the exclusive use of the phrase "gold medal" as a trade mark of his saleratus. *Page 336 
The case is well considered in the opinion of the General Term of the Common Pleas, upon which, as well as for the reasons above assigned, we think the judgment should be affirmed.
All concur, ALLEN, J., in result; ANDREWS, J., not sitting.
Judgment affirmed.
* 58 N.Y., 223.