Joseph M. Koehler et al., Appellants, v. Edward Sanders et al., Respondents.

122  65
138  249

An exclusive proprietary interest cannot be acquired in a word which is a generic term, in common use and in its nature descriptive of and ordinarily characterizes the business to which it pertains rather than its origin or proprietorship.

Nor is such a word or term capable of exclusive appropriation as a trade-mark, because it is arbitrarily applied to a different business than that in which it is ordinarily used, and is not suggestive of the real nature of the business carried on.

Equity will not grant relief for the protection of the exclusive use of a misrepresentation by means of such a term, when it may tend to deceive and mislead the public, and so induce custom.

So, also, a name adopted as a partnership name, which merely indicates a business in which the firm purports by it to be engaged, may not be protected as a trade-mark.

*Congress & Empire Spring Co.* v. *High Rock Congress Spring Co.* (45 N. Y. 291); *Smith* v. *Sixbury* (25 Hun, 232); *Gillott* v. *Esterbrook* (48 N. Y. 374); *Selchow* v. *Baker* (93 id. 59); *Hier* v. *Abrahams* (82 id. 519), distinguished.

Plaintiffs were partners in the business of dealing in foreign government bonds in the city of New York, which was done under the firm name of "International Banking Company." Their firm and the one to whose business it succeeded had been engaged in the business under the same firm name since 1874. Defendants, who were engaged as partners in the same business under the firm name of E. S. & Co., in an advertisement published by them in 1887, requested the public to "call on the International Bank" of E. S. & Co. In an action brought to restrain the use by defendants of the words "International Bank" in their advertisements, *held*, that plaintiffs had no exclusive proprietary interest in the use of the words; and that the action was not maintainable.

*Mem.* of decision below, 48 Hun, 48.

(Argued June 10, 1890; decided October 7, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 7, 1888, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and ordered a new trial.

The plaintiffs, partners doing business in the firm name of the International Banking Company in the city of New York,

brought this action to restrain the defendants from using in their advertisements the name of "International Bank," upon the alleged ground that in doing so the defendants would thereby wrongfully infringe upon the plaintiffs' right to the exclusive use of the name so adopted as their trade-mark.

The plaintiffs' firm is the successor of one which commenced business in the city of New York in the same name in 1874. The defendants commenced business there in 1883 as partners in the name of Edward Sanders & Co. They first used the name of International Bank in 1887, shortly before the commencement of this action. It was then included in an advertisement published in the German language in the "New York Staats Zeitung," a German newspaper.

The closing words of the publication embracing those which constitute the alleged infringement were in English, as translated at the trial, as follows: "All ready for the next drawings, 1st of February and 20th of February. Call on the International Bank of Edward Sanders & Co., 212 Broadway, corner Fulton street, New York city." The plaintiffs' place of business was 207 Broadway, corner Fulton street, and their partnership name of "International Banking Company" was in English, while the other portions of their advertising circulars were in German. When the defendants' publication, before mentioned, appeared, the plaintiffs, by letter, charged the defendants with making use of the name "International Bank" in fraud of the public and to the prejudice of the plaintiffs, and advised them that they would be prosecuted unless they desisted. The defendants, by letter, in answer, quite emphatically asserted the right "to use the name International Bank of Edward Sanders & Co." Thereupon this action was commenced.

Further facts appear in the opinion.

*Benno Loewy* for appellants. It will be presumed in this court that the trial court found such facts, in addition to those specified in its decision, as are essential to sustain the judgment, provided there was evidence to warrant the finding of

such additional facts. (*Oberlander* v. *Spiess*, 45 N. Y. 175 ; *Townsend* v. *Bargy*, 57 id. 665 ; *Meyer* v. *Lathrop*, 73 id. 315 ; *Emerson* v. *City of Syracuse*, 100 id. 577–584 ; *Coleman* v. *S. A. R. R. Co.*, 38 id. 201 ; *Valentine* v. *Connor*, 40 id. 248.) The fact that the plaintiffs styled themselves " The International Banking Company," when in fact they were not incorporated, and did not do a banking business, in the strict sense of that phrase, was not available as a defense in this case, nor was the question whether it would constitute a defense before the court below, nor is that question now before this court, because this defense, which was set up in the answer of the defendant Edward Sanders, was demurred to by the plain-- tiffs, the demurrer was sustained by the court, and the defend- ants acquiesced in this decision, neither amending their answer nor appealing. (*Nicholls* v. *Wentworth*, 100 N. Y. 455, 459 ; 30 N. Y. S. R. 113.) The defense thus excluded was not available to the defendants, because not set up in their answer. (*Kelsey* v. *Western*, 2 N. Y. 500 ; *Stanley* v. *Robinson*, 1 Russ. & Myl. 527 ; *Ferguson* v. *Ferguson*, 2 N. Y. 360 ; *Bailey* v. *Ryder*, 10 id. 363 ; *R. E. Bk.* v. *Eames*, 1 Keys, 588 ; 4 Abb. Ct. App. Dec. 88 ; *Jaeger* v. *Kelly*, 52 N. Y. 274 ; *Morris* v. *Talcot*, 96 id. 100 ; *Crook* v. *Rindskopf*, 105 id. 476.) The allegations in the complaint, which were proven on the trial, that the business of the plaintiffs was the sale of foreign gov- ernment and municipal bonds and securities, and that they styled themselves " The International Banking Company " do not in themselves preclude the plaintiffs from obtaining in a court of equity the relief which they seek. The use of this name is not illegal either at common law or by any statute of this state, and the court cannot, therefore, presume fraud from such use. (*Crawford* v. *Collins*, 30 How. Pr. 398 ; *Gay* v. *Seibold*, 97 N. Y. 476 ; *Wright* v. *Hooker*, 10 id. 51 ; *Cohn* v. *Gottschalk*, 16 N. Y. S. R. 818 ; *N. Y. C. Co.* v. *U. C. Co.*, 39 Hun, 611.) The plaintiffs, by styling themselves " The International Banking Company," were not guilty of any mis- representation which would preclude them from relief in a court of equity. (*D. C. Co.* v. *Guggenheim*, 2 Brewster, 341 ;

*Dale* v. *Smithson*, 12 Abb. Pr. 237; *Stewart* v. *Smithson*, 1 Hilt. 119; *Lee* v. *Haley*, L. R. [5 Ch. App.] 155; *Fetridge* v. *Wells*, 13 How. Pr. 385; *Phalon* v. *Wright*, 5 Phil. 464; *Hobbs* v. *Francais*, 19 How. Pr. 567; *Partridge* v. *Menke*, 1 How. App. Cas. 556; *L. C. Co.* v. *A. L. C. Co.*, 11 Jur. [N. S.] 513; *Perry* v. *Truefitt*, 6 Beav. 66; *Pidding* v. *How*, 8 Sim. 477; *Palmer* v. *Harris*, 60 Penn. St. 156; *Wolfe* v. *Burke*, 56 N. Y. 115.) There is no evidence whatever in this case to show that the plaintiffs had any fraudulent intent in using name, or that anyone was in fact deceived, or could be deceived, by its use, nor was any such theory advanced at the trial. (*Guinea C. Co. Case*, L. R. [5 Ch. App.] 155; *Dale* v. *Smithson*, 12 Abb. Pr. 237; *Stewart* v. *Smithson*, 1 Hilt. 119.) Neither is the claim that the words "International Bank" are a generic term (even if such claim were well founded in fact or in law) available as a defense to these defendants. A court of equity will enjoin the use by one person of a firm or trade name so similar to that previously used by another as to be likely to deceive the public, irrespective of whether such name is generic and descriptive or not. (*N. Y. C. Co.* v. *Mooney*, 15 Abb. [N. C.] 152; *Edleston* v. *Vick*, 23 Eng. L. & Eq. 51, 53; *Williams* v. *Spence*, 25 How. Pr. 366, 367; *Lea* v. *Wolf*, 13 Abb. Pr. [N. S.] 389, 391; *Kinney* v. *Basch*, 16 Am. Law Reg. [N. S.] 597; *Abbot* v. *B. & C. U. Assn.*, 7 Wkly. Notes, 31; 6 Id. 207; *Morgan* v. *Schwachofer*, 5 Abb. [N. C.] 265; *Matsell* v. *Flanagan*, 2 Abb. Pr. [N. S.] 459, 461; *Potter* v. *McPherson*, 21 Hun, 559; *Sanders* v. *Jacob*, 2 West. Rep. 468; *McLean* v. *Fleming*, 96 U. S. 245; *Coats* v. *Holbrook*, 2 Sandf. Ch. 586; *Walton* v. *Crowley*, 3 Blatchf. 440; *F. L. & T. Co.* v. *F. L. & T. Co.*, 21 Abb. [N. C.] 104; *U. S. M. R. Co.* v. *U. S. R. & C. Assn.*, 21 id. 115; *Jay* v. *Todler*, L. R. [40 Ch. Div.] 649; *Boulwois* v. *Peake*, 13 id. 513; *Lee* v. *Haley*, L. R. [5 Ch. App.] 155.) In the case at bar the fraudulent intent of defendants in using the words "International Bank," after having done business for three years under other firm names, is clearly shown. (*Morgan* v. *Schwachofer*, 5 Abb. [N. C.]

271.)    But even though the defendants acted honestly in assuming the objectionable title, still having continued its use after remonstrance by plaintiffs, their conduct has become intentional fraud, which not only justifies the interposition of a court of equity, but imperatively requires it to interfere. (*Mitchell* v. *Henry*, L. R. [15 Ch. Div.] 181, 194, 195.)    The words " International Banking Company " are susceptible of appropriation as, and constitute, a valid trade-mark, trade name and firm name.    The uninterrupted use of this name by plaintiffs and their grantors for thirteen years, the fact that plaintiffs and their business were extensively advertised during that period under that name, gave plaintiffs the exclusive right to use said name, which will be protected by injunction. (*Smith* v. *Sixbury*, 25 Hun, 232 ; *Gillott* v. *Esterbrook*, 48 N. Y. 374 ; *Newman* v. *Alvord*, 51 id. 189 ; *Hier* v. *Abraham*, 82 id. 519 ; *Selchow* v. *Baker*, 93 id. 59 ; *Morgan* v. *Schwachofer*, 5 Abb. [N. C.] 265 ; *Lauferty* v. *Wheeler*, 11 id. 220; *Hegeman* v. *O'Byrne*, 9 Daly, 264; *Howard* v. *Henriques*, 3 Sandf. 725 ; *Fleischmann* v. *Schuckman*, 62 How. 92; *Braham* v. *Bustard*, 1 Hem. & Mil. 447 ; *C. S. Co.* v. *H. R. S. Co.*, 45 N. Y. 291; *O'Rourke* v. *C. C. S. Co.*, 26 Fed. Rep. 576 ; *Oulton* v. *S. Inst.*, 17 Wall. 110 ; *Roninger* v. *Keyes*, 73 Ind. 377 ; *Bank* v. *Baldwin*, 23 Minn. 203 ; *A. G. P. Co.* v. *G. P. Co.*, 25 Hun, 398 ; *G. H. M. Co.* v. *Hall*, 61 N. Y. 226 ; *Potter* v. *McPherson*, 21 Hun, 559.)    The fact that the name which is claimed as an infringement is not entirely the same as that adopted by the plaintiffs, will not deprive them of their remedy. ( *Williams* v. *Johnson*, 2 Bosw. 1 ; *A. G. P. Co.* v. *G. P. Co.*, 25 Hun, 398 ; *N. Y. C. Co.* v. *Mooney*, 25 Abb. [N. C.] 152 ; *C. S. Co.* v. *H. R. S. Co.*, 45 N. Y. 291 ; *Clark* v. *Clark*, 25 Barb. 76 ; *Williams* v. *Spence*, 25 How. Pr. 366 ; *Talcot* v. *Moore*, 6 Hun, 116 ; *Lea* v. *Wolf*, 15 Abb. [N. S.] 1 ; *Walton* v. *Crowley*, 3 Blatchf. 440 ; *A. M. Co.* v. *Spear*, 2 Sandf. Ch. 599 ; *Meserole* v. *Tynberg*, 36 How. Pr. [N. S.] 14 ; *Filley* v. *Fassett*, 44 Mo. 173 ; *Collins* v. *R. C. M. Co.*, 7 Abb. [N. C.] 19 ; *C. S. S. Assn.* v. *Dean*, L. R. [13 Ch. Div.] 515 ; *Lee* v. *Haley*, L. R. [5 Ch. Abb.] 155.)    It is no

answer to the present suit that the words " International " or " International Bank " are in common use. (*Fleischmann* v. *Schukman*, 62 How. Pr. 92; *Meserole* v. *Tynberg*, 4 Abb. [N. S.] 410; *Potter* v. *McPherson*, 21 Hun, 559; *Selchow* v. *Baker*, 93 N. Y. 419; *Knott* v. *Moran*, 2 Keen, 219.) The plaintiffs are entitled to relief without proving actual money damage. (*Blofield* v. *Payne*, 1 Nev. & Man. 353; 4 Barn. & Ad. 410; *Marsh* v. *Billings*, 7 Cush. 322; *Coffeen* v. *Brunton*, 4 McLean, 516; *Edelsten* v. *Edelsten*, 1 De G., J. & S. 185; *Filley* v. *Fassett*, 44 Mo. 168; *Burnett* v. *Phalon*, 21 How. Pr. 100; *Partridge* v. *Meekle*, 2 Barb. Ch. 103.) The claim that the plaintiffs have no right to restrain the infringement of their trade-mark in a court of equity, because they have a remedy in damages at law, is preposterous. (*Taylor* v. *Carpenter*, 11 Paige, 392; *Newby* v. *O. Co.*, 1 Deady, 609.)

*Ira Leo Bamberger* for respondents. The plaintiffs do not come into court with clean hands. There is no such corporation as the "International Banking Co." A misrepresentation, although innocent of wrongful intention, and essentially harmless in consequences, vitiates all right to redress for infringement. (*Siegert* v. *Abbott*, 61 Md. 276; *Manhattan* v. *Wood*, 108 U. S. 218; *M. Co.* v. *Trainer*, 101 id. 51; *Kenny* v. *Gillett*, 17 Atl. Rep. 499; 4 DeG., J. & S. 137; 11 H. L. Cas. 523; *Pidding* v. *How*, 8 Sim. 477; *Perry* v. *Truefitt*, 6 Beav. 66; *Seabury* v. *Grosvenor*, 14 Blatchf. 262; *Hobbs* v. *Francais*, 19 How. Pr. 567; *Connell* v. *Reed*, 128 Mass. 477; *Palmer* v. *Harris*, 60 Penn. St. 156; *Phalon* v. *Wright*, 5 Penn. 464; *Wolfe* v. *Burke*, 56 N. Y. 115.) The plaintiffs are not entitled to the exclusive use of the word "International." (*R. B. P. Co.* v. *Sherrell*, 93 N. Y. 334; *Hier* v. *Abrahams*, 82 id. 519; 33 Beav. 549; 19 N. Y. 245; 39 id. 279; *Choyuski* v. *Cohen*, 2 Am. Rep. 476; *Stokes* v. *Landgrat*, 17 Barb. 608; 56 Fed. Rep. 283; 11 Mo. App. 590; *Selchow* v. *Baker*, 93 N. Y. 59, 63, 69; 35 How. Pr. 108.) The words "International Banking Company" are not

a trade-mark to which plaintiffs are entitled. The action is not one for violation of the plaintiffs' trade-mark, as is claimed in the complaint, for the reason that a trade-mark owes its existence to the fact that it is actually fixed to a vendible commodity. (Brown on Trade-Marks, 116 ; *L. Co.* v. *A. L. Co.*, 11 Jur. [N. S.] 513 ; *Candee* v. *Dure*, 5 Am. Rep. 125.) The form and contents of the advertisements are wholly dissimilar. (*Ball* v. *Siegel*, 4 N. E. Rep. 670 ; *Popham* v. *Cole*, 66 N. Y. 69 ; *Reid* v. *Richardson*, 45 L. T. [N. S.] 54 ; *Beard* v. *Turner*, 13 id. 746 ; *Seidersdorf* v. *Flint*, 7 N. W. Rep. 252 ; *Eggers* v. *Hink*, 63 Cal. 445 ; 27 Fed. Rep. 494 ; *Gale* v. *Wackenbath*, 28 id. 286.) The plaintiffs have not shown any pecuniary injury. (*Clark* v. *Freeman*, 11 Beav. 112.)

BRADLEY, J. The business of the parties was of like character, and consisted in dealing in foreign government bonds, mainly those of Germany, Austria, Italy, Russia, France and Belgium. They purchased the bonds there and sold them in this country, where their transactions were mostly had with persons speaking the German language. Amongst the inducements to purchase of the parties, as represented by their published circulars, were those that payments could be made in small instalments, and that there was a chance, by means of a system of lottery drawings in the countries issuing them, to realize something in excess of the amount of the bonds by way of prizes or premiums. It has been held that this was not a lottery scheme within the statutes of this state, and, therefore, the sales made here were not invalid. (*Kohn* v. *Koehler*, 96 N. Y. 362.) The plaintiffs' claim to relief rests upon the alleged proposition, (1) That they had acquired the exclusive right to the use of the term "International Banking Co." which they had adopted as their firm name ; or, (2) That the alleged infringement by the defendants was for the purpose of deceiving people and inducing them to believe that the defendants' place of business was that of the plaintiffs, to the injury of the latter. The referee found that this name was adopted

by the predecessors of the plaintiffs, and to whom the latter succeeded in the business, as " their copartnership trade-mark," which " by constant advertising for a period of twelve years, has become of great value," and that in a spirit of rivalry, and to induce the public to believe that the defendants' place of business was that of the plaintiffs, the defendants infringed upon the plaintiffs' right to the exclusive use of the name so adopted by the latter as their trade-mark, by causing to be inserted in the New York Staats Zeitung an advertisement of securities sold by them, which were also sold by the plaintiffs, in the manner and form of their advertisements, and containing at the end the words in the German language, which translated into English meant " enquire at the International Bank of Edward Sanders & Co., 212 Broadway, corner of Fulton street, New York city."

In the strict sense of the term, a trade-mark is applicable only to a vendible article upon which it is in some manner affixed or represented as a symbol to indicate the origin or ownership of the article on which it is placed. But the same rules for the protection against infringement are extended to names applied to other callings, or to places of business as to technical trade-marks. (*Howard* v. *Henriques*, 3 Sandf. 725; *G. & H. Mfg. Co.* v. *Hall*, 61 N. Y. 226.) In referring to the principles relating to trade-marks, and upon which their efficiency as such depends, it may be observed that there is no exclusive right to represent by them an idea, nor can there be an exclusive appropriation of that which is descriptive of the articles to which they are attached, or that which indicates their ingredients, mode of composition, characteristic properties, quality or nature. (*Morgan* v. *Troxell*, 89 N. Y. 292; *Amoskeag Mfg. Co.* v. *Spear*, 2 Sandf. 599; *Caswell* v. *Davis*, 58 N. Y. 223.) The word "International" is a generic term pertaining to relation between nations, and when applied to business or to transactions of private character, it imports dealings of some sort in matters, or with people of different nations, or which have some relation to them. It is in common use, and in its nature it is descrip-

tive and ordinarily characterizes the business to which it pertains rather than its origin or proprietorship, and so treated, the use of it cannot be exclusively appropriated by any party. This partnership name taken by the plaintiffs, is apparently descriptive of a banking business, and indicates that it is in some sense international, and presumptively the name denotes the nature of the business. In that view it cannot have the character essential to a trade-mark or to its exclusive use, analogously to it. (*Taylor* v. *Gillies*, 59 N. Y. 331; *Royal Baking Powder Co.* v. *Sherrell* 93 id. 331; 14 Am. Rep. 229; *Mfg. Co.* v. *Trainer*, 101 U. S. 51; *Choyrinski* v. *Cohen*, 39 Cal. 501; 2 Am. Rep. 476; *Burke* v. *Cassin*, 45 Cal. 467; 13 Am. Rep. 204.)

The well known use of this word as commonly used in its application to business, is such as to render it *publici juris*. But it is urged that the business of the parties is not banking, and although this term taken by the plaintiffs into their partnership name is generic and descriptively applicable to a class or classes of business, it may in its use by them be deemed arbitrary, and, therefore, as against any person engaged in a similar enterprise to that in which they are employed, the plaintiffs are entitled to the protection of its exclusive use. And in support of this proposition reference is made to the fact found by the referee that the name " International Banking Company " was never used by any other person or corporation in connection with business similar to that in which the plaintiffs were engaged. That may be so, yet the word international is not arbitrary or fanciful in its application to banking, but is descriptive of the character suggested by it, of that business, and it may be deemed to have been intended to have such effect. (*Taylor* v. *Gillies*, 59 N. Y. 331.)  he cases cited by counsel do not support his contention in that respect. The word "congress," as applied to a spring of water, in *Congress & Empire Spring Co.* v. *High Rock Congress Spring Co.* (45 N. Y. 291), was arbitrary. In *Smith* v. *Sixbury* (25 Hun, 232), the term " Magnetic Balm " was sustained as a trade-mark, not only for the reason that the liquid contained

no magnetism or electricity, but because the word "magnetic" was not descriptive of any quality of a liquid compound. In *Gillott* v. *Esterbrook* (48 N. Y. 374) and *Selchow* v. *Baker* (93 id. 59), the trade-mark sustained were arbitrary figures and terms not suggestive of the nature of the article to which they were affixed. And the same remark is applicable to *Hier* v. *Abrahams* (82 N. Y. 519), as explained in 93 N. Y. 336.

The fact that a person may use his name as a trade-mark, and that a corporation may do likewise, is not necessarily applicable to a partnership name which merely indicates a business in which the firm purports by it to be engaged. The use by one person of his name as a trade-mark, would not deny to another having the same name, the right to use his in good faith for such purpose in a similar business, or to mark similar vendible articles. And there are cases where the right to use a name to designate a product is so qualifiedly exclusive that the right to the protection of its use against infringement by others, rests upon the ground that such use by them is an untrue or deceptive representation. This may be applicable to a geographical name designating a locality or district, and which has been adopted by one as a trade-mark and afterwards deceptively used by another upon similar articles. (*Newman* v. *Alvord*, 51 N. Y. 189; 10 Am. Rep. 588; *Laughman's Appeal*, 128 Penn. St. 1; *Canal Co.* v. *Clark*, 13 Wall. 311.) The application of this principle is not necessarily dependent upon a proprietary right in a name or the exclusive right to its use. But when another resorts to the use of it fraudulently as an artifice or contrivance to represent his goods or his business as that of the person so previously using it, and to induce the public to so believe, the court may, as against him, afford relief to the party injured. (*Barry* v. *Armistead*, 2 Keen, 221; *Lee* v. *Haley*, L. R. [5 Ch. App.] 155; *Jay* v. *Ladler*, L. R. [40 Ch. Div.] 649; *Meneely* v. *Meneely*, 62 N. Y. 427.) And on the other hand the consideration of good faith to the public, is so far deemed due from a party taking a name or trade-mark for his business or goods that equity

will not grant relief for the protection of the exclusive use of a misrepresentation by means of such name or trade-mark when it may tend to deceive and mislead the public, or to impose upon and induce persons to become his patrons. In other words, a party successfully seeking equitable relief in such case must come into court with clean hands. Assuming that the defendants had the legal right to use in good faith the name in question, there is no support for the action upon the ground merely, that they sought by fraudulent means to palm off upon the public their business, or the place where they conducted it, as that of the plaintiffs. There was no evidence of such intent other than what appeared in the advertising circular which the defendants caused to be published, and in that they distinctly used their own firm name of Edward Sanders & Co. The finding of the referee upon that subject was based upon the assumption that the firm name of the plaintiffs was their trade-mark, in which they had the proprietary right to the exclusive use. In that view such inference might arise from a misleading assimulation against which good faith, in its use, would be no defense. And in that view only, can such finding be sustained against the exception taken to it. But assuming, as contended on the part of the plaintiffs, that their business was in no sense banking, and treating the firm name as to it arbitrary or fanciful in fact, although not apparently so, then arises the difficulty to support their claim to equitable relief in the fact that the name taken by them is a false representation of the nature of their occupation. The name points to the business of their company as that of banking, of which it is distinctly descriptive. Banking is a well known business, and is ordinarily supposed to require for its support some financial strength. The use of this name would naturally induce the public to understand that such was the business of the company, and thus the plaintiffs might derive from its use confidence to their advantage, which they otherwise would not possess, and, so far as this should be accomplished, it would be the result of the untrue designation of the name or of the deception caused by it.

Their business is to some extent conducted by means of communication, through the mails, between them and those dealing with the company, and this is done by the latter upon their faith and confidence in the fidelity of the company, and its financial ability to consummate that which it assumes or undertakes to do. This confidence may in fact be justly due to the plaintiffs in both those respects. The application of the rule now under consideration does not depend upon the question of actual injury to others in any particular case, but is founded upon the salutary principle that equitable relief will not be given in support of misrepresentation in fraud of the public, and by which they may be misled or deceived. This is the situation of the plaintiffs in respect to the remedy they sought by this action. (*Manhattan Medicine Co.* v. *Wood*, 108 U. S. 218; *Wolfe* v. *Burke*, 56 N. Y. 115; *Connell* v. *Reed*, 128 Mass. 477; 35 Am. Rep. 397; *Siegert* v. *Abbott*, 61 Md. 276; 48 Am. Rep. 101; *Palmer* v. *Harris*, 60 Penn. St. 156; 100 Am. Dec. 557; *Leather Cloth Co.* v. *Am. Leather Cloth Co.*, 4 DeG., J. & S. 137.)

These views lead to the conclusion that the order should be affirmed and judgment absolute directed for the defendants.

All concur except VANN, J., not sitting.

Order affirmed and judgment accordingly.