## DE YOUNGS v. JUNG.

(Common Pleas of New York City and County, Special Term.  July 24, 1893.)

TRADE NAMES—INFRINGEMENT—TEMPORARY INJUNCTION.

>    Defendant assumed the name of "Young," under which he engaged in a similar business to that done by plaintiff under its corporate name of "De Youngs," established himself in the same street near plaintiff, and used similar business signs and advertising devices, displaying the name "The Youngs," so that it differs from that of plaintiff only in the prefix "The." *Held,* that a temporary injunction would be granted.

Action by De Youngs, a corporation, against Solomon Jung to restrain defendant from using the name of "The Youngs" or "Youngs" in connection with his business, on the ground that it was an infringement of plaintiff's trade name.  Plaintiff moves for an injunction pendente lite.  Granted.

Pierre C. Talman, for plaintiff.

BISCHOFF, J.  That the name "Young" or "Youngs," which is of purely Anglo-Saxon origin, is not defendant's real name or patronymic, but is assumed by him, is apparent from the admission of his counsel, on the argument of this motion, that defendant is of native Austrian or Hungarian parentage and extraction.  This circumstance, when considered in connection with the further facts that, under the assumed name of "Young" or "Youngs," defendant has engaged in a business similar to that in which plaintiff was at the time, and for many years prior thereto had been, and is still, engaged; that he has assumed a similitude of business signs and advertising devices, displaying the name, "Youngs" in script, with a heavy dash underneath the name, differing only from plaintiff's signs and advertising devices in that the prefix "The" is substituted for "De," the two being idem sonans, or nearly so; that he has located his place of business in the same city, in the same street, and within one block of plaintiff's place of business, (the two places of business bearing nearly the same street number,)—is to me conclusive of defendant's design to avail himself of the advantages accruing from plaintiff's use of its corporate name of "De Youngs" as a trade-mark in a business of established integrity and good repute, by the practice of artifice upon unwary persons who intend to present themselves as patrons of plaintiff's establishment.  That defendant's artifice has at least been partly successful, and that plaintiff has suffered disadvantage therefrom, is apparent from the affidavits which were read as a part of plaintiff's moving papers.  No person is bound to accept his patronymic as a surname, and he may engage in business under whatever name he sees fit, provided, however, that the assumption of any particular name for such purposes is unaccompanied by design to perpetrate a fraud upon others.  If so, the use of the assumed name should be restrained.  But even the use of a person's patronymic or other properly acquired name,

under circumstances which are calculated to deceive the public, and to convey the impression that the business products of the one sought to be restrained are those of another of the same name, who, by the use of such name in connection with particular devices which have been appropriated by the former, has acquired a trademark therein, may be restrained. Meneely v. Meneely, 62 N. Y. 427, 430, cited in Caswell v. Hazard, 121 N. Y. 484, 493, 24 N. E. Rep. 707, and Koehler v. Sanders, 122 N. Y. 65, 74, 25 N. E. Rep. 235. See, also, Holmes v. Manufacturing Co., 37 Conn. 278; Cod. Trade-Marks, § 616, etc. I am therefore of the opinion that plaintiff is entitled to an injunction pendente lite, restraining defendant from using the name "Young" or "Youngs," directly or indirectly, in connection with the business of making or vending photographic art products in any manner calculated or intended to convey the impression that such business is identical with plaintiff's business of making and vending photographic art products, carried on under the name of "De Youngs," and, in particular, that the defendant be restrained from using the name "Young" or "Youngs" in script, with the prefix "The," or one of like sound, and with or without a dash underneath said name, for display upon signs, circulars, letter-heads, envelopes, cards, or other advertising medium, in connection with the said business of making and vending photographic art products, and from representing his said business, or suffering his said business to be represented by his agents or employes, as identical with said business of De Youngs. An order to the above effect will be granted, with $10 costs of this motion, provided plaintiff shall, within 20 days, file and serve an undertaking, with two sufficient sureties, to be approved by a judge of this court, and in the sum of $1,000, conditioned for the payment of any damage which may accrue to the defendant by reason of the injunction, if it shall be finally decided that plaintiff was not entitled thereto.