### EDWARD E. CADY *vs.* CHARLES P. SCHULTZ.

Where one has carried on the business of dentistry for several years under the name of the "United States Dental Association" and displayed that name or abbreviations of it upon signs at his place of business in the city of P. in this State, and in advertisements and cards widely distributed through P. and vicinity, having also similar offices in charge of assistants at other places without this State, he is entitled to an injunction to restrain another engaged in the practice of dentistry in a place adjacent to P. from using the words "U. S. Dental Rooms" or the letters "U. S." on his signs or windows.

No right can be acquired to the exclusive use on signs of the phrase "scientific dentistry at moderate prices."

BILL IN EQUITY for an injunction.

*September* 19, 1895. DOUGLAS, J.　The complainant is engaged in the practice of dentistry, having offices and rooms for that purpose in Providence, in this State, in Baltimore, Maryland, and in Washington in the District of Columbia, and employing assistants to attend to patients at these places. In the prosecution of this business for four years or more he has used as a trade name the words "United States Dental Association," and has displayed this name, or abbreviations of it, upon signs affixed to his place of business in Providence, and in advertisements and cards widely distributed through Providence, Pawtucket and Attleboro', so that the business of which he is proprietor has become known in the city of Providence and in the adjacent city of Pawtucket by that name.

The defendant, who is likewise a dentist, formerly had an office in Providence near the complainant's rooms, and about December 1, 1894, removed to Pawtucket and opened an office there, and displayed upon his windows and upon the walls of the building, signs in close imitation in size, shape and color, of those used by the complainant.　We have no

doubt from the evidence that these imitations were intentional. Indeed, this is not denied, and we can conceive of no motive for the use of these similar signs except to take advantage of the advertisements of the complainant, and to induce customers to patronize the defendant. The complainant presents instances where customers were actually misled by them ; and the defendant says that people have come into his office supposing it to be controlled by the U. S. Dental Association, though he asserts that in all cases he has undeceived them.

The complainant particularly urges that the use of the words " U. S. Dental Rooms," as displayed upon the defendant's signs, and the letters " U. S." painted upon the defendant's windows in the same color, size and shape as the same letters are shown upon the complainant's windows, is an illegal use of these words and letters, and the defendant should be restrained from so employing them. He also claims that he is the inventor of the phrase " Scientific dentistry at moderate prices," and that defendant cannot lawfully display this legend on his signs, and generally he asks that the defendant may be enjoined from using similar signs to those he uses.

We are of the opinion that the complainant can have no property in the shape, size, color or arrangement of signs, without regard to the letters which they bear, nor can he claim any exclusive use of the words " scientific dentistry at moderate prices." The characteristics of the signs do not differ from those which ordinarily appear on business signs placed as these are. The statement that a dentist does his work scientifically and charges moderate prices for it is one which any dentist may make and disseminate if he can do so truthfully. It ought not to be inapplicable equally to all members of the profession. Neither of these things tends to injure unlawfully the complainant's business.

But we think the use of the words " U. S. Dental Rooms," and the use of the letters " U. S." upon the windows of the defendant's office, is a plain attempt to convey the idea that the business carried on there is a branch of the complainant's business and should be restrained.

The argument of the defendant has been directed to the

point that the name adopted by the plaintiff lacks the elements of a lawful trade mark. It consists of a geographical name coupled with a descriptive term of wide application, and no doubt the defendant is right in contending that such a name is objectionable if intended to be used as a trade mark. It would be almost impossible to use the name of the United States within the limits of the country itself so as to divest it of territorial significance, and make it a mere fancy mark.

But the argument ignores certain discriminations which should be made in discussing cases of this character. A trade mark is a symbol arbitrarily selected by a manufacturer or dealer, and attached to his wares to indicate that they are his wares. In selecting such a device he must avoid words merely descriptive of the article or its qualities, or such as have become so by use in connection with known articles of commerce. He must also avoid words, *e. g.* geographical names, which are descriptive of the local origin of the goods, if other persons have the right to deal in goods of a similar origin. When it has become generally known in the trade that this symbol or word has been taken by one dealer or manufacturer to indicate his goods, he acquires a title to it for that purpose, and no one else can use it even innocently. A trade name is of a different character. It is descriptive of the manufacturer or dealer himself as much as his own name is, and frequently, like the names of business corporations, includes the name of the place where the business is located. If attached to goods, it is designed to say plainly what a trade mark only indicates by association and use. The employment of such a name is subject to the same rules which apply to the use of one's own name of birth or baptism. Two persons may bear the same name and each may use it in his business, but not so as to deceive the public and induce customers to mistake one for the other. The use of one's own name is unlawful if exercised fraudulently to attract custom from another bearer of it. Trade marks properly so called may be violated by accident or ignorance. The law protects them, nevertheless, as property. Names which are not trade marks strictly speaking may be pro-

tected likewise, if they are taken with fraudulent intention, and if they are so used as to be likely to effect such intention.

A leading and instructive case upon this subject is *Croft* v. *Day*, 7 Beav. 84, in which Lord Langsdale, M. R., says (at p. 88): "It has been very correctly said, that the principle, in these cases, is this,—that no man has a right to sell his own goods as the goods of another. You may express the same principle in a different form, and say that no man has a right to dress himself in colors, or adopt and bear symbols, to which he has no peculiar or exclusive right, and thereby personate another person, for the purpose of inducing the public to suppose, either that he is that other person or that he is connected with and selling the manufacture of such other person, while he is really selling his own. It is perfectly manifest, that to do these things is to commit a fraud, and a very gross fraud. I stated, upon a former occasion, that in my opinion, the right which any person may have to the protection of this court does not depend upon any exclusive right which he may be supposed to have to a particular name, or to a particular form of words. His right is to be protected against fraud, and fraud may be practised against him by means of a name, though the person practising it may have a perfect right to use that name, provided he does not accompany the use of it with such other circumstances as to effect a fraud upon others."

The same principle is applied in *Sanders* v. *Utt*, 16 Mo. App. 322 ; *Sanders* v. *Jacob*, 20 Mo. App. 96 ; where the name "N. Y. Dental Rooms" was protected.

In all such cases it is obvious, as defendant urges, that the effect of imitation depends very much upon propinquity. In many cases the use of a similar trade name, in localities not very remote from each other, would not justify an inference that the establishments were those of a common proprietor, and so would not result in damage or support an allegation of fraud. The character of the name adopted by the complainant suggests a distribution of offices. It would be natural for a person reading the advertisement of the complainant in a Pawtucket paper, and seeing the signs of the

defendant displayed there, to suppose that they indicated a branch office of the same concern ; and this we have no doubt the defendant intended should happen. It is the only result which he could anticipate from his contrivances.

We conclude, therefore, that the complainant is entitled to an injunction restraining the use by the defendant of the words " U. S. Dental Rooms" or the letters " U. S." upon his signs or windows, and all words, letters and symbols tending to indicate that his business is conducted or managed by the plaintiff.

*Clarence A. Aldrich,* for complainant.

*Isaac H. Southwick, Jr.,* for respondent.