## CONTINENTAL INS. CO. v. CONTINENTAL FIRE ASS'N.

(Circuit Court, N. D. Texas. October 10, 1899.)

1. TRADE-NAMES—GENERIC TERMS—"CONTINENTAL."

The word "continental" is a generic term, the right to use which cannot be exclusively appropriated by any individual or corporation.

2. SAME—UNFAIR COMPETITION—RIGHT TO INJUNCTION.

The Continental Insurance Company, a corporation of New York, which is usually further designated in its policies, advertisements, and literature as "of the City of New York," and has been since 1852 conducting the business of fire insurance, and is now engaged in such business throughout the United States, has acquired thereby no exclusive right to the use of the word "Continental" in connection with such business, and is not entitled to an injunction against the use of such word in the name of a Texas corporation incorporated under the name "Continental Fire Association," and which in its advertisements and printed matter uses the additional designation, "of Ft. Worth, Texas," in the absence of proof of any fraudulent intent or conduct on the part of defendant, or that the public have been deceived by the similarity of the names.[1]

In Equity. On application for preliminary injunction.

Henry & Henry, for complainant.
Armstrong & Hanger, for defendant.

MEEK, District Judge. The complainant, the Continental Insurance Company, a New York corporation, having its principal place

---

[1] As to unfair competition in trade generally, see note to Scheuer v. Muller, 20 C. C. A. 165; and, supplementary thereto, note to Lare v. Harper & Bros., 30 C. C. A. 376.

of business in the city of New York, brings its bill against the Continental Fire Association, a Texas corporation, having its principal place of business at Ft. Worth, Tex., seeking to enjoin the latter from doing business under the name in which it is incorporated. The complainant alleges that it was incorporated in the year 1852 as a fire insurance company, and that it has been in business ever since that time, and has built up a large and lucrative fire insurance business over the country at large and in the state of Texas; that during all of the time it has been in business it has, at a great outlay and expense, extensively advertised its business in the country at large, and in the state of Texas, and maintained many efficient and diligent agents, and, by great labor, active work, and close attention to business, caused its name to become widely known to the public in connection with the business of fire insurance; that, by the use of strict integrity and honest business methods, it has built up an extensive business, of great commercial value, and that it is entitled to reap the pecuniary benefits and advantages naturally attendant thereon; that such reputation is necessarily and inseparably connected with the name under which it has done business and by which it has been known. It alleges that the defendant incorporated under a general law of the state of Texas, in the year 1899, as the "Continental Fire Association," and has proceeded to do a general fire insurance business under its corporate name; that the name used by the defendant, by reason of the similarity of the same to that used by the complainant, is calculated to deceive the public, and people desiring to patronize the complainant, into the belief that the defendant is one and the same corporation with complainant, whereby the business of the complainant will be greatly and irreparably injured, and that the defendant will, in some measure, reap the benefit of the complainant's good will, and the business and custom acquired by it, prior to the existence of the defendant corporation; that the name selected and chosen by the defendant was fixed by it with the express design of diverting the good will and business of the complainant; that the result of such selection and advertisement of its business by the defendant will divert and injure the business of the complainant; that the public has been deceived, and are continuing to be deceived, by the defendant using the name selected by it, and, if it is permitted to continue to use said name, the complainant will suffer great and irreparable injury. The complainant tenders affidavits in support of the allegations of its bill, which abundantly support its claim to a long-continued and extensive business in the state of Texas, and that this business was created and built up in the name of the "Continental Insurance Company of the City of New York." The affidavits offered tending to show that confusion will arise in event the defendant is permitted to do business under the name in which it is incorporated, and that the business of the complainant will be diverted to the defendant, and that the defendant will reap the benefits of complainant's expenditures of money, advertising, and industry, are meager, and do not, in the opinion of the court, fully substantiate the allegations of complainant's bill.

The defendant answers, and, among other things, denies any

wrongful intent in the selection of the name under which it is incorporated, and makes profert of some of its literature, and also some of the policies issued by the complainant, showing that the defendant is advertising and seeking to do business as the "Continental Fire Association of Ft. Worth, Texas," and that the complainant is doing business as the "Continental Insurance Company of the City of New York."

The distinguishing feature of the names of the two incorporated companies is the word "Continental." It is the use of this word by the defendant which the complainant seeks to enjoin. It is the contention of the complainant that, by reason of the long-continued use of this word by it, and the fact that it has built up a large and lucrative business under this distinguishing name, it has secured a property right in said word "Continental," in connection with its incorporated name, and it is entitled to the exclusive use of the word "Continental," in connection with its insurance business, in the sections of the country where it is engaged in such business. Upon the showing made by the complainant, it might be entitled to the relief sought, were the distinguishing word of its corporate name such a one as could be exclusively appropriated in the designation or conduct of a business by a person, firm, or corporation. The word "continental" is in general and prevalent use, and means pertaining to or characteristic of a continent. As applied to or designating an insurance company, it would be descriptive of the bounds within which such company carried on its business. The scope of the business carried on by many insurance companies is continental in extent. A term which can be truthfully used by many in the description of a business or occupation cannot be exclusively appropriated by any one of them. The word "continental" is a generic term, and it is not the policy of the law to permit the exclusive appropriation of words or terms which are generic; that is, which pertain to a class of related things, and which are of general application. The right to use such words should remain vested in the public. See Mill Co. v. Alcorn, 150 U. S. 460, 14 Sup. Ct. 151, and cases there cited; also Koehler v. Sanders, 122 N. Y. 65, 25 N. E. 235; Goodyear's India-Rubber Glove Mfg. Co. v. Goodyear Rubber Co., 128 U. S. 598, 9 Sup. Ct. 166.

Counsel for complainant contends that it would have been a simple and easy matter for the incorporators of the defendant company to have selected a distinguishing name for it without having chosen a term already appropriated by a corporation engaged in a like business. This is true, and it is also true that the defendant might not suffer any serious pecuniary loss by the granting of the injunction prayed for in this cause; yet it is the opinion of the court that the incorporators of complainant, by appropriating a generic term, purely descriptive, and in general and prevalent use, and in failing either to fix upon an arbitrary term, or to draw upon the realms of fancy for a name, or to select one indicative of the origin or ownership of the business about to be launched, failed to vest complainant with a distinguishing appellation, the exclusive right to the use of which the courts could declare to be in complainant.

Relief by injunction is sometimes granted in cases where the party

enjoined is using, as a trade-mark or distinguishing name, a term which is geographical or descriptive in character, and therefore could not be exclusively appropriated by the party securing the relief, as in the case of Cady v. Schultz, 19 R. I. 193, 32 Atl. 915, where the complainant had for a trade-mark the words "United States Dental Association," which he displayed upon signs and cards, and distributed through the cities of Providence, Pawtucket, and Attleborough, so that the business of which he was proprietor became known in the city of Providence and the adjacent city of Pawtucket by that name. The defendant for a time carried on a dental business in Providence, and then removed to Pawtucket, where he opened an office, where he displayed upon the windows and walls the words "United States Dental Rooms," in close imitation of the size, shape, and color of the words used by the complainant. The relief was granted in this case, not because the complainant had the exclusive right to appropriate the words "United States" in the conduct of his dental business, but because the defendant had fraudulently and deceitfully adopted these words, and similar methods of their use, with the purpose and intention of attracting customers away from his rival to himself. Judge Douglas in his opinion in that case says: "We have no doubt from the evidence that this was the intention; indeed, this is not denied. And we can conceive of no motive for the use of these similar signs, except to take advantage of the advertisement of complainant, and induce customers to patronize the defendant." Equity frowns upon such unfair practices, and will relieve against them. Lee v. Haley, 5 Ch. App. 155; Koehler v. Sanders, 122 N. Y. 65, 25 N. E. 235, and cases there cited.

Complainant's bill contains the necessary general allegations to avail itself of this ground of relief, but the affidavits in support of this contention are quite insufficient. The literature of the complainant and defendant, which is before the court, weighs against this contention. While the word "Continental" appears on the literature and in the policies of both companies, yet the complainant is in each instance shown to be of the "City of New York," and the defendant is shown to be of "Ft. Worth, Texas." While the complainant does business in Texas, yet its home is in the city and state of New York. Almost a continent intervenes between the abiding places of these two corporations. The business of each is nearly all transacted through the medium of agents. It can hardly be contended that insurance agents will be confused and deceived as to the identity of these corporations, and mistake one for the other. On account of the marked dissimilarity of the addresses of the two companies, mail matter intended for one of them will hardly be misdirected or miscarried to the other. In short, under the existing conditions, there is little, if any, possibility of confusion arising in the minds of the insuring public by reason of the similarity between these two corporate names. The temporary injunction sought is therefore refused.