(89 App. Div. 345.)

PETTES et al. v. AMERICAN WATCHMAN'S CLOCK CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. TRADE-MARKS—NAMES—UNLAWFUL COMPETITION.

Though the words "American Watchman's Clock Company" do not contain the essential elements of a trade-mark which will be protected as such as the exclusive property of the person first making use of them, yet where plaintiffs filed a certificate setting forth their intention to do business under the name of the "American Watchman's Clock Company" pursuant to and as authorized by Pen. Code, § 363, and thereafter plaintiffs carried on their business under the name so assumed until May, 1902, when they executed necessary papers for the organization of a corporation by that name to carry on the business, but in the same month, and before plaintiff was incorporated, defendant organized a corporation under the same name for the purpose of engaging in the same business, and with the intent to deceive the public, and to appropriate the business and reputation of plaintiff, defendant was guilty of unlawful competition; and plaintiff was entitled to an injunction restraining its further use of the name.

Appeal from Special Term, Kings County.

Action by William F. Pettes and another, doing business under the name of American Watchman's Clock Company, against the American Watchman's Clock Company, to restrain defendant from transacting business under its corporate name. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Richard Reid Rogers, for appellant.
Wilmot L. Morehouse, for respondents.

HIRSCHBERG, J. The plaintiffs are copartners engaged in business in the borough of Manhattan, a part of their business being the sale and installation of electric time detectors or clocks designed to register the presence and movements of watchmen in manufactories, etc. In the summer of 1901 they filed in the New York county clerk's office a certificate pursuant to section 363 of the Penal Code, setting forth their intention to do business under the name of the

"American Watchman's Clock Company." Since that time they have carried on under the name so assumed by them the business of selling and installing the watchmen's clocks referred to, and in the month of May, 1902, they executed the necessary papers for the purpose of incorporating a company or incorporation under that designation in this state to carry on that business. In that month, however, the defendant was incorporated under the same name in this state, with a capital stock of $500, for the expressed purpose of engaging in the manufacture, sale, and installation of watchmen's clocks, thereby anticipating and forestalling the plaintiffs' proposed incorporation, and the use of such corporate name for that purpose by the defendant has been enjoined by the judgment appealed from.

The evidence indicates quite clearly that the incorporators of the defendant company knew at the time of the incorporation of the fact that the plaintiffs were conducting the branch of their business in question under the same designation as that selected by the incorporators, and also that the selection of the corporate name by the latter was made with a view of obtaining some part, at least, of the plaintiffs' business, and of selling and installing the same articles of manufacture in the borough of Manhattan as those dealt in by the plaintiffs. The learned trial court has found as facts upon sufficient evidence that the further purpose of the organizers of the defendant company was to appropriate to their own use the partnership name which the plaintiffs had chosen for this branch of their business, and to prevent the plaintiffs from incorporating in this state under that name.

While the question is not free from doubt, I am inclined to the view that the facts recited serve to remove this case from the operation of the class of cases cited by the learned counsel for the appellant, and to present a situation in which a court of equity may grant injunctive relief. It may be that the words "American Watchman's Clock Company" do not contain the essential elements of a trademark which will be protected as the exclusive property of the person who first makes use of them. See Koehler v. Sanders, 122 N. Y. 65, 25 N. E. 235, 9 L. R. A. 576; Cooke & Cobb Co. v. Miller, 169 N. Y. 475, 62 N. E. 582; Barrett Chemical Co. v. Stern, 176 N. Y. 27, 68 N. E. 65; Elgin National Watch Co. v. Illinois Watch Case Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365. The words "watchman's clock" are in common use, and, even when joined with the word "American," may not, perhaps, be lawfully monopolized as a trade-mark under the doctrine of these cases. But a different principle applies where a partnership name is infringed, and especially where, as in this instance, the infringement is for the purpose of selling identical property or articles in the same locality, and under circumstances which are certainly calculated, if not actually designed, to deceive the public. The precise principle was applied in Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769, and it was held in that case that an exclusive right may be acquired in the name in which a business may be carried on, and that an injunction lies to restrain the simulation and use by one corporation of the name of a prior corporation which tends to cre-

ate confusion, and to enable the later corporation to obtain the business of the prior one. The court said (page 469, 144 N. Y., page 491, 39 N. E., 27 L. R. A. 42, 43 Am. St. Rep. 769):

"The principle upon which courts proceed in restraining the simulation of names in the nature of trade-marks, which have come to designate the business of a particular person or company, is stated in Lee v. Haley, L. R. 5 Ch. App. 155, an action to restrain the use by the defendant of the name of 'The Guinea Coal Co.,' in his business. 'I quite agree,' said Gifford, L. J., 'that they [the plaintiffs] have no property in the name [Guinea Coal Co.], but the principle upon which the cases on the subject proceed is, not that there is property in the word, but that it is a fraud on a person who has established a trade and carries it on under a given name that some other person should assume the same name, or the same name with a slight alteration in such a way as to induce persons to deal with him in the belief that they are dealing with the person who has given a reputation to the name.' The cases are not infrequent in which the use of corporate names has been restrained on the principle of the trade-mark cases. Holmes, Booth & Haydens v. Holmes, Booth & Atwood Mfg. Co., 37 Conn. 278 [9 Am. Rep. 324]; Massam v. Thorley Cattle Food Co., L. R. 14 Ch. Div. 748; Celluloid Mfg. Co. v. Cellonite Mfg. Co. [C. C.] 32 Fed. 94; Newby v. Oregon Central Rway. Co., Deady, 609 [Fed. Cas. No. 10,144]; Rogers Mfg. Co. v. Rogers & Spurr Mfg. Co. [C. C.] 11 Fed. 495; Le Page Co. v. Russia Cement Co., 51 Fed. 942 [2 C. C. A. 555, 17 L. R. A. 354]."

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.