THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION (LIMITED), Appellant, *v.* THE EMPLOYERS' LIABILITY INSURANCE COMPANY of the United States and Others, Respondents.

*Injunction — restraining the use of a corporate name — defense to such an action — chapter 211 of 1877 does not relate to foreign corporations — powers of the Insurance Superintendent under chapter 593 of 1873.*

In an action brought to restrain an insurance company from using the words "Employers' Liability" as part of its corporate name or in its business, proof that the defendant corporation did not issue a policy until nearly a month after the commencement of such action is a defense thereto where the plaintiff fails to show that it had sustained any special injury prior to the commencement of such suit.

Where the defendant was entitled to use such words as part of its corporate name and in its business, a similarity between the names of the plaintiff and defendant ceases to be a factor or ground for recovery, and the rights of the litigants are the same as though their corporate names were dissimilar.

Before one insurance company can recover in an action brought against another insurance company to restrain the use of certain words as a part of its corporate name by the latter company or in its business, the plaintiff must show that the defendant was issuing policies in violation of the law of the State, and that its acts had actually caused some special injury, or would necessarily cause injury, to the plaintiff's business.

Chapter 211 of the Laws of 1877 does not relate to foreign insurance corporations, but to companies to be thereafter organized under the laws of the State of New York, and it does not vest the insurance department with the right to prescribe what name or title foreign corporations shall take.

Under the provisions of chapter 593 of the Laws of 1873 the Superintendent of Insurance had the right to refuse to permit any foreign corporation to transact business in the State of New York, whenever, in his judgment, such refusal to admit it would best promote the interests of the people of the State. Under that act such a similarity of name as would be likely to lead to confusion between the business of such foreign corporation and that of another company would be a sufficient ground for such refusal.

APPEAL by the plaintiff, The Employers' Liability Assurance Corporation (Limited), from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 26th day of June, 1893, upon the decision of the court rendered on a trial at the New York Special Term dismissing the plaintiff's complaint upon the merits.

This action was brought to restrain the defendant corporation from using the words " Employers' Liability " as a part of its corporate name or in its business. The plaintiff is a corporation organized in 1881, under the laws of the Kingdom of Great Britain and Ireland, for the purpose of insuring employers against liabilities for accidents happening to their employees while engaged in the service of employers. The plaintiff's principal office is in London, England, and it has agencies and is engaged in business in every State in the United States, except Ohio, Virginia and Arkansas. Since 1886 it has been authorized to insure, and has been engaged in insuring, in this State, having its office at No. 51 Cedar street, in the city of New York. In 1890 the premiums received on its business in this State exceeded $90,000, and on its business in the United States more than $800,000. On the 11th of February, 1890, the defendant corporation was organized by the individual defendants, under the laws of the State of New Jersey, for the purpose of insuring employers against liabilities for accidents happening to their

employees. Immediately after the defendant was incorporated it hired an office at No. 9 Pine street, in the city of New York, painted its name on the front window of the office, printed blanks and began to advertise for insurance. It procured to be printed conspicuously on its bills and office paper the words "The Employers' Liability Insurance Company, No. 9 Pine street," and the words "of the United States" were inserted by type writing in smaller letters. It also printed blank applications and policies substantially of the form of those issued by the plaintiff, but prior to February 18, 1890, when this action was begun, it had issued no policies, the first being issued after April 7, 1890. On the 22d of April, 1890, the defendant's application for leave to do business in this State was denied, pursuant to chapter 211, Laws of 1877, by the insurance department, on the ground of the similarity of its corporate name to the corporate name of another company doing business in this State. On the 30th of April, 1890, the name of the defendant corporation was changed from "The Employers' Liability Insurance Company of the United States" to "American Employers' Liability Insurance Company." Between April 7 and April 30, 1890, it issued forty-three policies under its original name, but after the latter date its policies were issued and its business conducted under its new name.

*William Allen Butler,* for the appellant.

*William G. Wilson,* for the respondents.

Follett, J. :

Upon the appeal from the first judgment entered in this action it was held that the plaintiff is not entitled to the exclusive use of the term "Employers' Liability" as part of its corporate name, and that its use by the defendant could not be restrained, though such issue might mislead or deceive persons intending to insure with the plaintiff. (61 Hun, 552.) But it was held that if the defendant corporation was doing business in this State without permission of the insurance department, the plaintiff might be entitled to a judgment restraining it from doing business in this State if it could show that it had sustained special damages by reason of defendant's illegal action. Upon the present trial it appeared that the defendant corporation

did not issue a policy until nearly a month after this action was begun, and the plaintiff failed to show that it had sustained any special damage before this suit was brought.  This seems to be a perfect defense to this action.  The defendant corporation having the right to use the words "Employers' Liability" as part of its corporate name and in its business, the similarity of names ceases to be a factor or ground for recovery, and the rights of the litigants are the same as though their corporate names were dissimilar.  The plaintiff has not made out a cause of action based on the fact that the defendant corporation has issued policies without having been authorized by the insurance department.  The learned counsel for the plaintiff in his seventh point admits that the illegal acts of the defendant in taking insurance risks in this State contrary to law do not of themselves give any right to the injunction sought by this action, but argues that the change of defendant's corporate name at the suggestion of the insurance department is an admission that its name was so similar to the plaintiff's as to produce confusion and uncertainty, and that on this admission the plaintiff is entitled to the relief sought.  The defendants have made no such admission.  The defendant corporation has not abandoned the use of the words "Employers' Liability," but has simply prefixed the word "American" to its title and omitted the words "of the United States."  The insurance department has not denied the right of the defendant corporation to use these words in its corporate name, but, on the contrary, expressly asserted in its letter of April 22, 1890, that it had a right to use these words.  Before the plaintiff can recover under the rule laid down in 61 Hun, 552, it will have to show that the defendants were issuing policies in violation of the law of this State, and that their acts had actually caused some special injury or would necessarily cause such injury to the plaintiff's business.  This it has failed to do although it has shown that the defendant corporation has used, and asserts its right to use, the words "Employers' Liability" as part of its corporate name, which this court has held it has a right to do.  The mere fact than an unlicensed person should begin the practice of medicine would not authorize a licensed practitioner to maintain an action to restrain the unlicensed person from practicing.

The conclusion reached, that no cause of action is stated in the complaint and that none was proved on the trial, renders it unnecessary to consider the third conclusion of law contained in the decision of the Special Term. The statute referred to (Chap. 211, Laws of 1877) does not relate to foreign insurance corporations, but to companies to be thereafter organized under the laws of this State, and it does not seem to vest the insurance department with the right to prescribe what name or title foreign corporations shall take. Under the statutes existing at the time this controversy arose the superintendent, however, had the right to refuse to permit any foreign corporation to transact business in this State " whenever, in his judgment, such refusal to admit shall best promote the interests of the people of this State." (Chap. 593, Laws of 1873, § 2.) Such a similarity of name as would be likely to lead to confusion would seem to be under this act a sufficient ground for refusal.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment affirmed, with costs.