EMPLOYERS' LIABILITY ASSUR. CORP. *v.* EMPLOYERS' LIABILITY INS. CO.

(*Supreme Court, Special Term, New York County.*   April, 1890.)

1. CORPORATIONS—NAME—INFRINGEMENT.

In an action by the Employers' Liability Assurance Corporation against the Employers' Liability Insurance Company of the United States to restrain defendant from using the words "Employers' Liability" as part of its corporate name, it appeared that there were many corporations carrying on business of the same nature as that in which plaintiff was engaged, and that all used the words "Employers' Liability" in their corporate names.   *Held*, that such words designated a kind of insurance business, and did not express proprietorship, and their use by defendant would not be restrained, though plaintiff was the first to use them.

2. SAME—CONFUSION OF NAMES.

It appeared in such case that plaintiff was an English corporation doing business in New York, and that defendant, a New Jersey corporation, had applied to the insurance department for leave to do business in New York.   There was no evidence that defendant adopted its name with an intent to imitate that of plaintiff, or in fraud of its rights.   *Held*, that the use by defendant of the words "Employers' Liability" in its corporate name would not be enjoined on the ground that confusion would result as to the identity of the two companies, in that it was the custom to refer to insurance companies by abbreviated titles, since defendant would be permitted to do business only in its corporate name, which is distinguishable from that of plaintiff.

3. FOREIGN INSURANCE COMPANIES—REPUTATION OF NAME.

Laws N. Y. 1877, c. 211, providing that no "insurance company hereafter organized under the laws of this state shall use a corporate  *  *  *  title which shall at the time of such organization be used to designate any  *  *  *  other insurance company already existing under the laws of this state," does not apply to foreign insurance companies.

Action by the Employers' Liability Assurance Corporation against the Employers' Liability Insurance Company of the United States to restrain the use by defendant of the words "Employers' Liability" in its corporate name. Plaintiff now moves to continue a temporary injunction heretofore granted. Laws N. Y. 1877, c. 211, provides that no "insurance company hereafter organized under the laws of this state shall use a corporate * * * title which shall at the time of such organization be used to designate any * * * other insurance company already existing under the laws of this state."

*Butler, Stillman & Hubbard,* for plaintiff.    *Wilson Wallis,* for defendant.

PATTERSON, J. The right of a temporary injunction in this action is claimed by the plaintiff, in the first place, on the ground that it is entitled to the exclusive use of the words "Employers' Liability" as part of its corporate name. In view of what is set forth in the answers of the defendant, and the affidavits read by them, this claim is not established. The words have become descriptive of one kind of insurance business, just as the words "fire," "marine," "accident," "life," indicate other kinds of insurance. There are many corporations in Great Britain, and three in the United States, carrying on business of the same nature as that in which the plaintiff is engaged, and they all employ the words the use of which is complained of here as designating that business. Those words, therefore, have become the general designation of a certain kind or department of the insurance business, and do not express proprietorship or origin, and, while the plaintiff was the pioneer in this particular branch of underwriting, and the first to use the words referred to, it has not shown such a present exclusive right as would justify the injunction on that ground. The restraint is asked for, secondly, on the ground that the use by the defendant of the words referred to will produce confusion, and necessarily result in injury to the plaintiff by the mistakes which will be made by the public as to the identity of the two corporations, especially as it is almost the universal custom among those engaged in the insurance business, and those seeking insurance, to refer to such corporations by their abbreviated titles, as "The Home," "The Continental," etc. The defendant corporation has not yet begun business, nor (as is sworn to) does it intend to do so, in that it being a foreign corporation, until a proper authorization has been obtained from the insurance department of the state of New York, and the application for this injunction appears to be premature; but, assuming that it might be applied for *quia timet* in a proper case, I think sufficient facts are not presented. The action seems to be based upon what was decided by the court of appeals in England in *Hendriks* v. *Montagu,* 50 Law J. Ch. 456. There it was held that registration of a corporate name closely resembling that of an already existing corporation would be restrained by injunction on the ground of similarity of title, and the confusion that would ensue from its use by a proposed company, and this was held not only under the provisions of the act of parliament relating to registration of corporate names, but on general grounds. The decision of the three judges reversed the order of the master of the rolls, (JESSEL,) who, in that and in other cases, had held to the contrary, as had also several vice-chancellors in cases which are referred to in the report. *Hendriks* v. *Montagu* is an authority for the plaintiff here, but it is at variance with the rule as to the use of names to which both parties are entitled, as that rule has been proclaimed in the state of New York.

There is no difference in principle between the use of an individual or co-partnership name and that of a corporate name, although there is a general public policy of this state as to domestic corporations, embodied in legislation to some extent, that no two corporations carrying on the same business shall have the same title. In this case I am not permitted to doubt on the answering affidavits that the corporate title of the defendant company was not adopted with an intent to imitate that of the plaintiff, nor in fraud of its

rights. It is, as is also the plaintiff, a foreign corporation, and, if it may do business here at all, it must transact it in its corporate name. There are connected with its title words which distinguish it from the plaintiff, and if it constantly uses its full title the difference between the two companies will be observable always. The rule as to the use of names where both parties are entitled to the same name, and in cases where no fraud or deceit is charged or proven, (as in this case,) has been stated in *Meneely* v. *Meneely*, 62 N. Y. 427, and it is there held that such confusion as results merely from similarity will not be a ground for injunction, but where, even innocently, a defendant so uses his name as to cause mistake as to his identity, and to induce the public to believe that he is the plaintiff, the general use of the name will not be enjoined, but the particular manner of the use which causes the mistake, confusion, and consequent injury will be. So in this case, if the defendant corporation shall omit that part of its corporate name which shows it to be an American and not a British corporation, and which distinguishes it from the plaintiff, an injunction might issue as in the recent case in this court of the *Farmers', etc., Co.* v. *Farmers', etc., Co.*, 1 N. Y. Supp. 44. I have spoken of the defendant corporation as having the right to use its corporate name. I mean, of course, under the law of New Jersey by which it was created, and subject to the acquisition of the authority to do so in this state, which must be accorded to it by the insurance department, and without which it does not intend to begin writing policies. That such authorization had not been granted when this temporary injunction was issued is not a ground for continuing it, nor are the provisions of chapter 211 of the Laws of 1877 applicable to this case. That act by its terms relates to corporations "organized" under the laws of this state, and, as I think, ought not to be extended by judicial construction to foreign corporations, over the naming of which the authorities of this state can have no control. Whether or not this defendant corporation shall do business at all in this state must be determined, in the first instance, by the insurance department. If it is permitted to do so, and then in any way uses its name to make it appear that it is the plaintiff, then that use may be enjoined. There are several insurance companies in this state of the same, or very nearly the same, name, and some confusion must result from that,—the ordinary confusion which the court of appeals declares will not furnish ground for restraint; but if either of them so transacted business as to cause it to appear that it was the other corporation of the same name, as before stated, that manner of use would be enjoined. The affidavits presented by the plaintiff are not sufficient to support the injunction, regard being had to what is contained in the opposing papers, and the motion to continue it must be denied, and the temporary injunction vacated, with $10 costs.