MATERIAL MEN'S MERCANTILE ASS'N, Limited, v. NEW YORK MATERIAL MEN'S MERCANTILE ASS'N, Inc., et al. (No. 7796.)

(Supreme Court, Appellate Division, First Department. November 12, 1915.)

1. TRADE-MARKS AND TRADE-NAMES ⬤=70—UNFAIR COMPETITION—NAMES.
    Where a concern has for a long period conducted its business and become known under a certain name, it has a right to be protected against competition from a rival under a name so similar as to mislead the public.
    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. ⬤=70.]

2. TRADE-MARKS AND TRADE-NAMES ⬤=73—UNFAIR COMPETITION—NAMES.
    Although the words "New York" are not actually a portion of the title of a corporation, the fact that it has for a long period conducted its business in the city of New York will protect it against competition from a corporation using the same name with the prefix "New York."
    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. ⬤=73.]

3. TRADE-MARKS AND TRADE-NAMES ⬤=59—UNFAIR COMPETITION—NAMES.
    The use by a newly incorporated company of a trade-name practically identical with that of an old established concern, when such use was not necessary because of the character of the business, warrants an inference that it was used to obtain benefit or advantage from the good will of the long-established business, and is therefore an infringement upon the older trade-name.
    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. ⬤=59.]

4. TRADE-MARKS AND TRADE-NAMES ⬤=59—UNFAIR COMPETITION—NAMES.
    The fact that there is a difference in locations between two concerns using practically the same trade-name and engaged in the same business

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

will not avoid confusion, and is therefore not a defense to an action by the older for infringement of its trade-name.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. ☞59.]

5. TRADE-MARKS AND TRADE-NAMES ☞64—INFRINGEMENTS—ACTIONS—DEFENSES.

The fact that a company is incorporated, but in violation of Laws 1909, c. 28, § 6 (Consol. Laws, c. 23, § 6), prohibiting filing for incorporation the articles of companies whose names are essentially similar to those of corporations already existing, so as to cause deception and confusion, under a name already for a long time used by another company in the same business in the same city, is no defense to an action for infringement of the trade-name.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 75; Dec. Dig. ☞64.]

6. TRADE-MARKS AND TRADE-NAMES ☞64—UNFAIR COMPETITION—SIMULATION.

One engaging in a line of business in which another by the same name is already engaged must regulate his use of his own name, so as to avoid confusion of his business with that previously established, especially where the similarity is between corporate names in which there is no necessity for the competitor to take the name of the old company.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 75; Dec. Dig. ☞64.]

7 TRADE-MARKS AND TRADE-NAMES ☞95—INFRINGEMENTS—ACTIONS—CONDITIONS PRECEDENT.

Where it is clear that the use of a trade-name by a competitor will result in deception and damages, the complainant need not await injury before applying for injunction.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. ☞95.]

Appeal from Special Term, New York County.

Action by the Material Men's Mercantile Association, Limited, against the New York Material Men's Mercantile Association, Incorporated, and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Phillips & Avery, of New York City (Frank M. Avery, Edgar J. Phillips, and Earl R. Darr, all of New York City, of counsel), for appellant. Breed, Abbott & Morgan, of New York City (Hiram Thomas, of New York City, of counsel), for respondents.

LAUGHLIN, J. This is a suit in equity to enjoin the defendants from conducting their business under their corporate name. The grounds upon which the plaintiff seeks to maintain the action are that the words "Material Men's," in the corporate name of plaintiff, have by long user in its business acquired a secondary meaning and are generally understood in the trade as referring to the plaintiff and its business; that the business of plaintiff and defendant being the same, the corporate name of the defendant is so similar to that of the plaintiff that it is calculated to mislead the public; and that the adoption thereof was in violation of our statute (section 6, chapter 28, Laws of 1909 [Consol. Laws, c. 23, § 6]), which provides as follows:

"No certificate of incorporation of a proposed corporation having the same name as a corporation authorized to do business under the laws of this state, or a name so nearly resembling it as to be calculated to deceive, shall be filed or recorded in any office for the purpose of effecting its incorporation, or of authorizing it to do business in this state."

The plaintiff was incorporated under the laws of New York on the 3d day of February, 1888, and it was found by the trial court that the words "Material Men's" were first used in a corporate title by it. Ever since its incorporation the plaintiff has been actively engaged in business in the city of New York in making mercantile credit reports on building contractors and others engaged in building operations, and it originated and has annually compiled, copyrighted, and issued to its customers and to others a book known as "The Association's Book," containing ratings on those engaged in building operations, and has adopted for use in its business and uses blank forms or requisitions printed on paper of distinctive different colors.

The trial court also found, on evidence sustaining it, that at the time of the trial the plaintiff's annual book had reached the twenty-sixth edition, and has been and is now furnished to a great number of subscribers, and that there is great demand therefor; that owing to the care, skill, and experience exercised by the plaintiff, its business has become very extensive; that the plaintiff has expended large sums of money in advertising its business and securing subscribers; that it has in conducting its business from 12 to 15 employés, and has acquired a valuable good will and reputation for honesty and fair dealing.

The defendant was incorporated under the laws of New York on October 20, 1913, for conducting a business similar to that conducted by plaintiff and in the same locality. At that time, and for a long time prior thereto, the plaintiff's office had been at 41 Park Row, borough of Manhattan, New York. The defendant established and maintains an office at 66 Broadway in the same borough. When the action was commenced, the defendant was actively engaged in competing with the plaintiff in business; the only substantial difference being that for service in some respects more extended than that for which the plaintiff was charging from $50 to $90 per annum the defendant solicited business at the rate of $15 per annum. The defendant also issues annually a book under the same title as that of the plaintiff, and containing similar information and blank forms, also quite similar to those issued by the plaintiff. The trial court found, on evidence sustaining it, that the defendant is engaged in a business similar to that of the plaintiff, and is competing with the plaintiff.

Prior to the commencement of the action, which was seven months after the incorporation of the defendant, the defendant solicited business from one of the plaintiff's subscribers, and continued to solicit business from plaintiff's customers. There is no evidence that the plaintiff has lost any business or customers to the defendant, owing to the similarity of the corporate names; but the evidence shows that some of plaintiff's customers have been misled by the similarity of the names into believing that business solicited by the defendant was solicited by the plaintiff, and into believing that an extension of the business of the defendant beyond that conducted by the plaintiff, by

which the defendant offered to furnish legal services to its customers, was made by the plaintiff. In behalf of the plaintiff, evidence was given tending to show that the words "Material Men's," in connection with mercantile credit reports, had acquired a secondary meaning, as designating the plaintiff; but this evidence was not conclusive, and the court refused to find the fact as claimed by the plaintiff. The plaintiff conducted its business in its corporate name, but it was also referred to and known in the trade by the shorter name, "Material Men's."

[1] It may be that the evidence on this point was insufficient to establish a secondary meaning which entitles the plaintiff to the exclusive right to use those words in the mercantile credit report business, but in the view we take of the case we do not deem it necessary to review the evidence to determine whether or not it sustains the finding. The long period during which the plaintiff was established and conducted its business, and became more or less known to the trade as the "Material Men's," entitles it to protection against the incorporation of and competition from a rival under a name so similar as to be likely to mislead the public. In one sense, the corporate name adopted by the defendant may be said to be practically identical with that of the plaintiff; the only difference being in prefixing the name "New York," and in a substitution of the word "Incorporated" for the word "Limited," following the name.

[2, 3] Inasmuch as the plaintiff contemplated conducting business in New York, and had so conducted it for upwards of 25 years, it became and was, in effect, the New York Material Men's Mercantile Association, which is the name adopted by the defendant. Although the name "New York" was not in the corporate name of the plaintiff, it is manifest that, since it conducted its business in New York City, it became known as the New York Material Men's Mercantile Association. It was not necessary for the defendant so nearly to copy the plaintiff's corporate name, annual book, and forms. The business it intended to conduct could have been described equally well by another name, which would have distinguished the two corporations and would have prevented confusion. The use of so similar a name, in the circumstances, fairly warrants the inference that it was selected by those who incorporated the defendant for the purpose of obtaining some benefit or advantage from the good will of the plaintiff's long-established and successful business. Burges v. Burges (1853) 3 De G., M. & G. 896. See, also, Anargyros v. Egyptian Cigarette, 54 App. Div. 345, 66 N. Y. Supp. 626; Vulcan v. Myers, 139 N. Y. 364, 34 N. E. 904; Little v. Kellam (C. C.) 100 Fed. 353; New England Awl Co. v. Marlborough Awl Co., 168 Mass. 154, 46 N. E. 386, 60 Am. St. Rep. 377; Works v. Mallory (Or.) 147 Pac. 542.

[4] Neither company was engaged in manufacturing, or had a plant or place of business other than an office. The business of each evidently was principally conducted by soliciting agents. The different locations of the offices would not insure against confusion. The business and method of conducting it, therefore, render confusion between the two corporations probable, if not inevitable.

[5] The court cannot change the corporate name of the defendant, but its incorporation in violation of the statute herein quoted, under a name so similar to that of the plaintiff as to be calculated to deceive, does not protect it in the right to conduct business under that name as against the right of the plaintiff, whose business it is quite plain it may obtain, and it is highly probable that it will obtain. People ex rel. Columbia Co. v. O'Brien, 101 App. Div. 296, 91 N. Y. Supp. 649; Corning Glass Works v. Corning Cut Glass Works, 197 N. Y. 173, 90 N. E. 449. It is quite probable that the secretary of state was misled by the prefix of the name "New York," and did not discover that the plaintiff had been incorporated under identically the same name with the exception of the prefix. The courts have often had occasion to decide, in cases of infringement and unfair competition, whether the addition of a prefix or suffix is sufficient to distinguish one name from another and prevent deception, and it has usually been held that it is not, and that prior adoption and use entitles a corporation to protection against the use by a rival of a name so similar that it is calculated to mislead the public. Society of War of 1812 v. Society of War of 1812 in the State of New York, 46 App. Div. 568, 62 N. Y. Supp. 355; Salvation Army in the United States v. American Salvation Army, 135 App. Div. 268, 120 N. Y. Supp. 471; Koebel v. Chicago Landlord's Protective Bureau, 210 Ill. 176, 71 N. E. 362, 102 Am. St. Rep. 154; American Waltham Watch Co. v. United States Watch Co., 173 Mass. 85, 53 N. E. 141, 43 L. R. A. 826, 73 Am. St. Rep. 263; Edison Storage Battery Co. v. Edison Automobile Co., 67 N. J. Eq. 44, 56 Atl. 861; Legal Aid Society v. Wage-Earners' Legal Aid Association, opinion by Dowling, J., New York Law Journal, April 21, 1908; Fuller v. Huff, 104 Fed. 141, 43 C. C. A. 453, 51 L. R. A. 332; Bissell Chilled Plow Works v. T. M. Bissell Plow Co. (C. C.) 121 Fed. 357; International Committee of Young Women's Christian Association v. Young Women's Christian Association of Chicago, 194 Ill. 194, 62 N. E. 551, 56 L. R. A. 888; North Cheshire & Manchester Brewery Company, Ltd., v. Manchester Brewery Company, [1899] Appeal Cases, 83.

[6] Where one in the exercise of a natural right engages in a line of business in which another by the same name is conducting business, he is required so to regulate the use of his own name as not to confuse his business with that previously established, and manifestly a court of equity should and does intervene more freely where the question arises largely over the similarity of corporate names, in which there was no necessity for the competitor to copy the name of the old company or to select one quite similar thereto. See World's Dispensary Medical Ass'n v. Robert J. Pierce, 203 N. Y. 419, 96 N. E. 738; Charles E. Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769; Hotel Claridge Co. v. George Rector, 164 App. Div. 185, 149 N. Y. Supp. 748; Merritt Burial Co. v. Merritt, 155 App. Div. 565, 140 N. Y. Supp. 895; Id., 214 N. Y. 676, 108 N. E. 1108; Oneida Community v. Oneida Game Trap Co., 168 App. Div. 769, 154 N. Y. Supp. 391; Church v. Kresner, 26 App. Div. 349, 49 N. Y. Supp. 742; De Long v. De Long

Hook & Eye Co., 89 Hun, 399, 35 N. Y. Supp. 509; Dutton & Co. v. Cupples, 117 App. Div. 172, 102 N. Y. Supp. 309; Bernhard v. Bernhard, 156 App. Div. 739, 142 N. Y. Supp. 94; Fuller v. Huff, 104 Fed. 141, 43 C. C. A. 453, 51 L. R. A. 332; Waterman Co. v. Modern Pen Co., 235 U. S. 88, 35 Sup. Ct. 91, 59 L. Ed. 142; Herring-Hall-Marvin Safe Co. v. Hall's Safe Co., 208 U. S. 554, 28 Sup. Ct. 350, 52 L. Ed. 616; Garcia v. Garcia (D. C.) 197 Fed. 637.

[7] It is not necessary in trade-mark cases, where it is clear that the use will result in deception and damages, to await either before applying for an injunction (T. A. Vulcan v. Myers et al., 139 N. Y. 364, 34 N. E. 904); and this court has extended the doctrine to other cases of unfair competition (Dutton & Co. v. Cupples, 117 App. Div. 172, 102 N. Y. Supp. 309; Commercial Adv. Ass'n v. Haynes, 26 App. Div. 279, 49 N. Y. Supp. 938; Society of War of 1812 v. Society of War of 1812, 46 App. Div. 568, 62 N. Y. Supp. 355; Salvation Army in U. S. v. American Salvation Army, 135 App. Div. 268, 120 N. Y. Supp. 471, 141 App. Div. 931, 126 N. Y. Supp. 1145.

Although the evidence relating to the secondary meaning acquired by the words "Material Men's" is, under the decisions in Koehler v. Sanders, 122 N. Y. 65, 25 N. E. 235, 9 L. R. A. 576; Employers' Liability Assurance Corporation v. Employers' Liability Insurance Co., 10 N. Y. Supp. 845, affirmed as to this point 61 Hun, 552, 16 N. Y. Supp. 397; Commercial Advertiser Ass'n v. Haynes, 26 App. Div. 279, 49 N. Y. Supp. 938—not sufficient to warrant the court in deciding that the plaintiff is entitled to the *exclusive* use of those words in its corporate name, yet we are of opinion that the defendant should not be permitted to use those words in its name, without accompanying them by other words clearly distinguishing the defendant from the plaintiff. These views require the reversal of findings of fact numbered 21, 23, 25, 28, 29, 30, 31, 32, 33, 34, 35, and 40; and conclusions of law numbered 1, 2, 3, 5, 6, and 7, made by the trial court, should be reversed. And additional findings of fact in accordance with plaintiff's requests to find Nos. 9, 10, 12, 13, 14, 15, 16, 17, 18, 20, 22, 23, and 24, and conclusions of law in accordance with plaintiff's request to find conclusions Nos. 1, 3, and 6, should be found; and conclusion of law No. 7, requested by plaintiff, should be modified by incorporating therein, after each prohibition against the use of the words "Material Men's" by the defendant, the following words, "without other appropriate words to distinguish the business of the defendant from that of the plaintiff," and, as thus modified, should be found; and the plaintiff should have judgment in accordance with the conclusions of law as thus modified.

It follows that the judgment should be reversed, with costs, and judgment awarded to the plaintiff in accordance with these views, with costs; order to be settled on notice. All concur.