MATERIAL MEN'S MERCANTILE ASSOCIATION, LIMITED, Respondent, *v.* MATERIAL MEN'S CREDIT AGENCY, INC., and Others, Appellants.

First Department, March 5, 1920.

**Injunction — trade name — dissimilarity of names of corporations — evidence.**

The plaintiff was not entitled to an injunction against the defendant restraining it from using or doing business under the name " Material Men's Credit Agency, Inc.," where there was no evidence that the stationery or any printed matter of the plaintiff had been imitated, or that any representation had been made by the defendant that the two corporations were identical, or that any one had been deceived into the belief that the defendant and the plaintiff were the same.

The plaintiff did not have the exclusive right to the use of the words " Material Men's " for those words are not descriptive of the plaintiff but of a class of business men whom it serves.

The words " credit agency " are not so similar to the words " mercantile association " that when used in connection with the words " Material Men's " they would tend to deceive the public into believing that the plaintiff and the defendant were the same.

It was improper to admit in evidence on behalf of the plaintiff envelopes addressed by its customers to it at its correct office address and received by it there, though the name of the plaintiff on the several envelopes was incorrect and variously worded.

APPEAL by the defendants, Material Men's Credit Agency, Inc., and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of August, 1919, upon the decision of the court rendered after a trial at the New York Special Term enjoining the defendants from using or doing business under the name of " Material Men's Credit Agency, Inc."

*Hiram Thomas* of counsel [*Leo B. Kreutzer*, attorney for Material Men's Credit Agency, Inc.; *Samuel Weinstein*, attorney for Maurice B. Rich, and *Nathan Schulman*, attorney for Hattie Goldsmith], for the appellants.

*Frank M. Avery* of counsel [*Earl A. Darr* with him on the brief; *Phillips & Avery*, attorneys], for the respondent.

PAGE, J.:

The plaintiff brought an action against the "New York Material Men's Mercantile Association, Inc." At Special Term the complaint was dismissed. Upon appeal to this court the judgment was reversed and judgment granted for the plaintiff. (169 App. Div. 843.) This decision was affirmed by the Court of Appeals without opinion. (224 N. Y. 670.) Instead of changing the name of the corporation defendant in that action, the persons interested in that corporation organized a new one and incorporated under the name of "Material Men's Credit Agency, Inc." This action was brought and the Special Term has granted judgment for the plaintiff holding that "In selecting the name Material Men's Credit Agency, Inc., in an apparent effort to overcome the criticism of the court in the former case, the defendant has been guilty of a more flagrant violation of the plaintiff's rights than in the use of its previous name, which prefixed the words 'New York.'"

The learned trial justice entirely misconceived the scope and effect of the decision of the former case by this court, for he says in his opinion: "In that case the court distinctly pointed out that the plaintiff was entitled to protection in its long established use of the words 'Material Men's' as forming a part of its business name, so far as defendant is concerned."

On the contrary Mr. Justice LAUGHLIN expressly stated in his opinion (169 App. Div. 849): "Although the evidence relating to the secondary meaning acquired by the words 'Material Men's' is, under the decisions in *Koehler* v. *Sanders* (122 N. Y. 65); *Employers' Liability Assurance Corporation* v. *Employers' Liability Insurance Company* (10 N. Y. Supp. 845; affd., as to this point, 61 Hun, 552), and *Commercial Advertiser Assn.* v. *Haynes* (26 App. Div. 279) not sufficient

to warrant the court in deciding that the plaintiff is entitled to the *exclusive* use of those words in its corporate name, yet we are of opinion that the defendant should not be permitted to use those words in its name without accompanying them by other words clearly distinguishing the defendant from the plaintiff."

The real point in that case was that the two names were identical with the exception that the defendant had prefixed the words " New York " and as the plaintiff had conducted business in New York for upwards of twenty-five years it became and was, in effect, the New York Material Men's Mercantile Association which was the name adopted by the defendant (p. 847), and that the courts have frequently held that the addition of a prefix or suffix to the corporate name is not sufficient to distinguish one name from another and prevent deception (p. 848). The question, therefore, of the right to use the words " Material Men's " as a part of the corporate name of another corporation with other words clearly distinguishing it from the plaintiff, was recognized by this court and the Court of Appeals. It could not be otherwise, for the words " Material Men's " are not descriptive of the plaintiff but refer to a class of business men whom it serves. The words " material men " mean persons who furnish materials used in the construction or repair of a building or vessel. (Black's Law Dict.; Bouvier's Law Dict.) The words " material man " are used and defined in the Lien Law. (Lien Law, § 2.) They are similar in this regard to " hardware men," " dry goods men," " bankers " or any other word that designates men of a particular trade or business. We have then the question whether the words " credit agency " are so nearly similar to the words " mercantile association " that used in conjunction with " Material Men's " they would tend to deceive the public into believing that the defendant and plaintiff were the same. It seems clear that they are not and that these words are sufficient to clearly distinguish the defendant from the plaintiff. There was no evidence given tending to show that anybody had been deceived into the belief that the business of the defendant was that of the plaintiff. Six envelopes were put in evidence addressed as follows: " Material Men's Credit Association, Material Men's Credit Ass., Material Men's Credit Assn., Material Men's Merc. Agency, Material Men's Agency." All these

letters were addressed to 41 Park Row, the office of the plaintiff, and were written by the plaintiff's customers. These letters had no reference to the defendant " and at best would only be evidence of a confusion in the public mind as to plaintiff's own corporate name. * * * They would not be proof of any confusion in the public mind as to the identity of plaintiff and defendant, for they all reached the plaintiff." These envelopes were not properly received in evidence. " There was no proof of their authenticity or of the circumstances under which they came to be sent." (*Romeike, Inc.,* v. *Romeike & Co., Inc.,* 179 App. Div. 712; affd., 227 N. Y. 561.)

There was no evidence that the stationery or any printed matter of the plaintiff had been imitated; there is no evidence of any representation that the two corporations are identical, nor any competent evidence that there was any confusion in the public mind. The plaintiff's case rests upon the theory that it has a right to the exclusive use of the words " Material Men's " as a part of a corporate name, which has been adjudicated against it.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.