Sage Foundation Homes Company, Plaintiff, *v.* Sage-Forest Hills Associates, Inc., and Others, Defendants.

Supreme Court, Queens County, December, 1922.

**Corporations — unfair use of name — deception — injunctions.**

Plaintiff, Sage Foundation Homes Company, a corporation whose stock was held or controlled by the trustees of the " Sage Foundation," developed land known as Forest Hills Gardens. Recently the stock and rights of the plaintiff were sold to one D. and certain associates who were formerly employed by plaintiff. The individual defendants became disassociated with plaintiff and organized a corporation called " Sage-Forest Hills Associates, Inc." No one of the name of Sage is associated with the defendant corporation and defendants offer no explanation of the use of that name. *Held*, that the use of the word " Sage " by defendant corporation is unfair in a legal sense, both to the plaintiff and to the public, and an injunction will be granted restraining defendants from using the word " Sage " and from advertising in a manner calculated to deceive the public or unfairly compete with plaintiff.

SUIT for an injunction.

*Williams & Rathgeber* (*Paul Bonynge*, of counsel), for plaintiff.

*Walsh & Hennessey*, for defendants.

VAN SICLEN, J.   Plaintiff is a domestic corporation organized in August, 1909, for the purpose of developing a large tract of land which has come to be widely and favorably known as Forest Hills Gardens.   The work of the plaintiff was financed chiefly by capital furnished by the " Sage Foundation," and the stock of the corporation was held or controlled by the trustees of the " Foundation." The stock and rights of the plaintiff were sold recently to John W. Demorest and certain associates.   The result of the work carried on by the plaintiff is a highly developed and somewhat unique settlement.

Before the transfer of the stock of the plaintiff, Demorest and the individual defendants were employed by the plaintiff, the latter chiefly in the work of selling and disposing of the buildings and homes erected by the plaintiff.   When the change was made, the individual defendants became disassociated with the plaintiff and they organized a business corporation which they called " Sage-Forest Hills Associates, Inc."   The capital stock is $2,000 and the defendants claim that their business is chiefly a real estate brokerage business.   They have established an office in close proximity to that of the plaintiff and their advertisements closely simulate those used and adopted by the plaintiff for the past ten years.

The plaintiff claims that the defendants purpose to make the public believe by the use of the word " Sage " in their corporate name and the manner in which they conduct their business that in some way or other they are also connected with the property, development and settlement in question, as erected by the plaintiff through its relation with the Sage Foundation.   The defense rests chiefly on the contention of the defendants (1) that they do not pretend to be developers such as the plaintiff has been, and (2) that by reason of the recent transfer of the ownership of the stock of the plaintiff, the latter has no more right to make the public believe by the use of the word " Sage " in the name that it is in any way related and associated with the Sage Foundation than the defendants.

The answer to the first contention is that while at present the defendants appear to be doing only a real estate brokerage business and their capital does not warrant the carrying on of a land development business, yet the purpose of the defendant corporation as set forth in their certificate of incorporation is substantially

the same as that of the plaintiff. The answer to the second contention is that whatever may be the present personnel of the plaintiff, it is still the same corporate entity that it always was; that it has every legal right to use its corporate name containing the word " Sage " and it purposes to continue as before upon the work as heretofore commenced and carried on. The defendants offer no explanation for the use of the word " Sage " and admittedly no one of that name or in any way related to the Sage Foundation is identified with the defendant corporation so that the only real question in this case is whether or not the defendants by this name and method of business are calculated to or might mislead the public into thinking that they were in some way connected or associated with the plaintiff or its personal backers. It seems to this court that the defendants are so conducting this business and that they have used the name of " Sage " in their corporate name for that purpose. A comparison of the defendants' advertisements and the contents of their certificate of incorporation with those of the plaintiff show that they are so similar that they necessarily would lead the average person to believe that they too are related to the whole project in mind the same way as the plaintiff. The defendants seek to justify their position by endeavoring to show that they only intend to sell property and that they have a right to do. But when they adopt a name and conduct their business in such a way as to make it appear that they henceforth are to be the selling side of what formerly constituted the dual organization of the plaintiff and that the plaintiff corporation, as now constituted, is merely going to continue the development side thereof, then the plaintiff has a just cause for complaint for which this court should grant relief. Such a course of conduct, if allowed to continue, would be unfair in the legal sense, both to the plaintiff and to the public, and may be enjoined. *Fisher* v. *Star Co.*, 231 N. Y. 414; *Salvation Army in the United States* v. *American Salvation Army*, 205 id. 619; *Material Men's M. Assn.* v. *N. Y. M. M. M. Assn., Inc.*, 169 App. Div. 849. The relief asked for will be granted to the extent of restraining the use of the word " Sage," and the use of advertising matter which simulates that of the plaintiff and the use of any methods calculated to deceive the public or unfairly compete with the plaintiff.

Judgment accordingly.