NU ENAMEL CORPORATION and Others, Plaintiffs, *v.* NATE ENAMEL Co., INC., and Others, Defendants.

Supreme Court, New York County, May 7, 1934.

*Sapinsley & Lukas* [*Edwin J. Lukas* of counsel], for the plaintiffs.

*Weisman, Quinn, Allan & Spett* [*Murray C. Spett* and *Isidore Miller* of counsel], for the defendants.

LAUER, J. Plaintiffs and defendants are both in the business of selling enamel, the former advertising its products as Nu-Enamel, the latter as Duo-Enamel.

The plaintiffs seek to enjoin the defendants from selling their product under the name Duo-Enamel, from representing that their

shops and merchandise are connected with or owned by the plaintiffs, from using certain enumerated slogans or legends in connection with the merchandising of their product, from imitating in their stores the plaintiffs' store fronts, from using identical literature, from continuing alleged misrepresentations of the plaintiffs' business and its products, and seek to recover damages for alleged infringement of the plaintiffs' rights in the doing of some or all of the acts enumerated.

The plaintiffs concede that distinctions exist between the plaintiffs' and the defendants' name, style of lettering, color scheme, method of sales presentation, slogans, literature and other features, if each is taken alone and independently of the others. The plaintiffs insist that in the collocation of these features rests the wrong which warrants the relief sought.

An analysis of the evidence presented to the court discloses the following contentions upon which the plaintiffs rely: The similarity of defendants' name, the use by defendants of identical literature, the copying of slogans, the simulation of store fronts, window display and merchandise, and misrepresentations by defendants. Each of these will be briefly discussed.

Plaintiffs charge that the name of the plaintiffs' product and that of the defendants is similar. It is necessary to consider both the name and the product to determine a similarity. Phonetically the two are different. In the plaintiffs' name there is one syllable, in the defendants' there are two. The number of sounds in each is different, and the first letters are different. On the cans, display cards, show cards and literature the names appear in different colors, the backgrounds are dissimilar, and the size and shape of the letters are diverse. The defendants contend they have adopted the word " Duo " because of the practical advertising value of duality. While plaintiffs admit the two words mean different things, yet the purchaser, they urge, carries away the impression of similarity by the common principal vowel " u."

The similarity of names is a question which has been a subject of interpretation by the courts on many occasions, and each case represents a separate problem. (*Hygeia Water Ice Co.* v. *N. Y. Hygeia Ice Co.*, 140 N. Y. 94; *Material Men's Mercantile Assn.* v. *Material Men's Credit Agency*, 191 App. Div. 73; *Foster* v. *Webster Piano Co.*, 59 Hun, 624; *Winthrop Chemical Co.* v. *Blackman*, 150 Misc. 229; *Allen Mfg. Co., Inc.,* v. *Smith*, 224 App. Div. 187; *Computing Scale Co.* v. *Standard Computing Scale Co.*, 118 Fed. 965; *Warner & Co.* v. *Lilly & Co.*, 265 U. S. 526; *Solis Cigar Co.* v. *Pozo*, 16 Col. 388; 26 Pac. 556.) In the light of the opinions in these cases I cannot find the existence of such a similarity between

the name used by plaintiffs and that used by defendants as would deceive or confuse the purchasing public so as to justify the granting of an injunction on that basis.

Plaintiffs charge that the defendants are using similar direction sheets, color charts and display cards. It is admitted that in one instance the defendants used an identical direction sheet. I do not consider that this is evidence of a desire to imitate, in view of the admitted fact that this sheet was abandoned shortly after its use was commenced, and especially since the defendants' new direction sheets have been in use since February, 1933, and are totally dissimilar. Examination of the color charts and display cards show distinct and marked differences in the size, shape, design, lettering and color.

Plaintiffs seek to enjoin the defendants from the use of certain phrases which they claim have become their slogans. The two principal phrases to which the plaintiffs claim an exclusive right are " One Coat Covers " and " Leaves No Brush Marks." The law is well settled that words or phrases which are descriptive of the article, its component parts or characteristics, are incapable of exclusive appropriation unless used so long and so exclusively by one producer with reference to his article that, in that trade and to that branch of the purchasing public, the word or phrase has come to mean that particular article which is his product. (*Computing Scale Co.* v. *Standard Computing Co., supra; Merriam Co.* v. *Saalfield*, 198 Fed. 369; *Elgin National Watch Co.* v. *Illinois Watch Co.*, 179 U. S. 665; *Winthrop Chemical Co.* v. *Blackman, supra; Taylor* v. *Gillies*, 59 N. Y. 331; *Selchow* v. *Baker*, 93 id. 59; *Material Men's Mercantile Assn.* v. *Material Men's Credit Agency, supra;* Nims Unfair Competition & Trade-Marks [3d ed.], p. 110.)

In the instant case it is the plaintiffs' claim that the words and phrases " One Coat Covers " and " Leaves No Brush Marks " have acquired a " secondary meaning " and because of that plaintiffs have acquired a possessory right to those words and phrases as slogans. The defendants' contention that these phrases are purely descriptive of the nature and quality of the paints sold and have not acquired a " secondary meaning " seems the more logical. (Cases cited in preceding paragraph.) The plaintiffs do not contend that they are the originators of the words or phrases. The testimony at the trial established that these words and phrases have been used in advertising in the paint business by others prior to their use by the plaintiffs. The plaintiffs admit that these words and phrases when so used in the paint business were descriptive of the merchandise advertised. The mere fact that the plaintiffs have used these words and phrases as slogans does not *per se* give them

a secondary meaning, so as to give plaintiffs the exclusive right to them.

What is understood in the law by the theory of assigning to words of description a " secondary meaning " has been stated in the case of *Merriam* v. *Saalfield* (*supra*, at p. 373). Such words may " have been used so long and so exclusively by one producer with reference to his article that, in that trade and to that branch of the purchasing public, the word or phrase had come to mean that the article was his product; in other words, had come to be, to them, his trade-mark."

Secondary meaning is nothing more than association, that is, association in the minds of the purchasing public of certain words or phrases with a particular product.

Applying the test laid down by the authorities, can it be said that the purchasing public, desiring to purchase enamel, seeing the words " One Coat Covers " and " Leaves No Brush Marks," will picture in their minds plaintiffs' enamel? I think not. The evidence fails to establish that the purchasing public has come to associate these phrases with the plaintiffs' product.

Besides, in the case at bar, the so-called slogans were frequently varied by the plaintiffs through the addition and substitution of words. For example, in plaintiffs' Exhibit 24 the words " Covers in One Coat " appear, while in plaintiffs' Exhibit 25 the phrase which appears is " One Coat Covers;" and again in plaintiffs' Exhibits 24 and 28, " Leaves No Brush Marks " is set forth, while in plaintiffs' Exhibits 29 and 34 the words are " No Brush Marks."

Plaintiffs charge the defendants with misrepresentations whereby the public has been confused and deceived into believing that it was purchasing plaintiffs' product, when, in fact, it was purchasing the product of the defendants. The plaintiffs attempted to prove these misrepresentations through the testimony of a witness who had been sent to the defendants' stores solely for the purpose of gathering evidence to the effect that disparaging and false statements about plaintiffs' merchandise were made by defendants' employees to promote the sale of defendants' product. This testimony was not very convincing. At most the defendants were guilty of " business puffing," which is not actionable. (*Bareham & McFarland* v. *Kane*, 228 App. Div. 396.) As was said in *Union Car Adv. Co.* v. *Collier* (263 N. Y. 386, at p. 398): " Exaggeration, puffing, boasting appear to be the very breath of salesmanship."

It is charged that the plaintiffs' and defendants' window displays are identical and that there is a simulation by defendants of the plaintiffs' store fronts, sales presentation and advertising. Plaintiffs have attempted to show that the color and lettering on the

defendants' store windows are similar to their own and that the use of display cards, demonstrators and half-painted objects in the windows were likewise similar. The parties are in the same line of business and to some extent there is a likelihood of similarity of the general effect of the store fronts, sales presentation and advertising. To constitute unfair competition the features imitated must be those which distinguish plaintiffs' goods from others and not such as he shares with the trade generally. (Nims Unfair Competition & Trade-Marks [3d ed.], § 121.) The plaintiffs admit they have no exclusive right to the use of display cards, demonstrators or half-painted objects in the windows. They claim, however, that the combination of these things, regarded in their entirety, shows an intent to compete unfairly. The proof of the similarity that plaintiffs have attempted to show, either as to single factors or in combination, is lacking. The exteriors and the interiors of the stores of the respective parties present marked differences in appearance and it has already been pointed out that the display cards are different. The appearance of the cans in which the merchandise is sold is not the same. The exhibits show no attempt to simulate plaintiffs' labels. The use of demonstrators and half-painted objects in the windows by defendants are not grounds for an injunction. These are fair methods of demonstrating and selling the defendants' products.

The gist of an action for unfair competition lies in the fact that one party is attempting to palm off its products as those of the other. Having considered each claim of alleged wrong asserted by the plaintiffs and having found against the plaintiffs' claims in each instance there would seem to be no justification for a finding that in the collocation of these particular alleged wrongs, the defendants have been guilty of unfair competition. Competition there was but no evidence of unfair competition was produced on the trial.

I am of the opinion that on the proof presented in this case the plaintiffs are not entitled to the relief here sought.

It follows that the defendants are entitled to judgment dismissing the complaint upon the merits. Findings of fact and conclusions of law passed upon.