### AMERICAN THREAD CO. v. NORTH AMERICAN THREAD CO., Inc.

District Court, S. D. New York.
Nov. 19, 1935.

---

Bartlett, Eyre, Scott & Keel, of New York City (Richard Eyre and Lucius B. Weymouth, both of New York City, of counsel), for plaintiff.

Karelsen & Karelsen, of New York City (Morton G. Rosenberg, of New York City, of counsel), for defendant.

WOOLSEY, District Judge.

My judgment in this cause is that there must be a decree for the plaintiff, giving it an injunction with costs. For the reasons hereinafter stated, I will not grant an accounting.

I. This is a cause in equity based on unfair competition and claiming infringement of a trade-name and a common law trade-mark. It is brought by a corporation of New Jersey against a corporation of New York. The subject matter jurisdiction of the Court, therefore, is based on diversity of citizenship.

II. I find that the plaintiff was incorporated as a New Jersey corporation in or about the year 1898, and is a spinner and manufacturer of cotton thread. It is one of two or three of the biggest manufacturers of thread in the United States, and claims to do the largest business for the manufacturing trade, meaning by that the trade engaged in making garments. It also sells thread for domestic use in every State.

Since the year 1914 it has had as its trade-mark a round red seal containing a five pointed star, outlined first in red and then in white, and outside the star, touching the tips of the five points thereof, are two concentric circles of white, and outside of these white circles is a red circle which constitutes part of the background color of the seal. This trade-mark is used on practically ninety-five per cent of everything that the plaintiff puts out, and is put on its boxes as well as on its spools or tubes and on the so-called cuffs surrounding the thread.

The plaintiff has exhibited, and marked as Exhibit 3, a box containing sixteen spools or tubes, of 1200 yards of thread each, of mercerized cotton thread to which they have given the brand name of "Kismet". The box has the seal trade-mark which I have described above, and each spool has the same trade-mark on its cuff and one of its ends, which might fairly be called the upper end as it is the top as the tubes stand in the box with the printing on the cuff right side up.

III. I find that the defendant was incorporated in New York on or about January 21, 1932. It does not manufacture thread but purchases it and then has it processed by dyers and wound on spools or tubes.

I find that at the time the defendant was incorporated, Mr. Peter Spinell, who was the principal person interested in its creation, had known for many years of the fact that the American Thread Company was an important dealer in threads in New

York City and in the metropolitan area, and also had known of their trade-mark above described.

The defendant soon after it was incorporated commenced to sell boxes of sixteen tubes of spools of 1,200 yards of thread each to which they gave the brand name of "Lucky". On the boxes there were two seals which they evidently intended to have represent their trade-mark. Those seals contained a rough outline of the map of North America surrounded by a red circle in which the words "North American Thread Company" in ink were printed, and outside the words were three concentric red circles separated by white. On the top of these spools or tubes and on the cuff, so-called, of their spools or tubes there was this same seal.

IV. When the plaintiff learned of the incorporation of the defendant Company and the method in which it was packing its goods, and on or about July 1, 1932, it sent by registered mail a notice to desist, to which no response was received, and, finally, on November 23, 1932, it sent a second similar notice in respect of which there was some conferences between the present counsel for the defendant and present counsel for the plaintiff. Nothing came, however, of these conferences and a suit was brought by the filing of a bill of complaint herein on or about April 18, 1933.

I find that the delay between November 1932 and April, 1933, cannot be regarded as an acquiescence in anything done by the defendant. In fact as some of the cases have said the right to use a trade-mark lasts only so long as the owner of the trade-mark does not assert his right to protect it.

V. I find that the incorporation of the defendant Company as the North American Thread Company in the same business as the American Thread Company is an act of unfair competition with the American Thread Company, and I find that the star trade-mark of the plaintiff, American Thread Company, is infringed by the red trade-mark of the map of North America inside of it used by the defendant Company.

I shall not go into questions of credibility here except in a general way to say that I was not favorably impressed with the defendant's witnesses and I could not accept the theory that was put forward by Mr. Peter Spinell as to the reason for his choosing the North American Thread Company as the name for his latest corporation. I think this is just another instance, of which there are far too many, in which a company which has built up good-will and reputation is sought as a victim by commercial parasites like the defendant who seek to get as near as they feel they can with safety to its trade-marks and its trade-names.

I think it is abundantly shown that the incorporation of this defendant with the name North American Thread Company was in unfair competition with the plaintiff and that there was an infringement of the plaintiff's trade-mark.

VI. As I had occasion to remark during the trial, citations of other decisions do not mean a great deal in causes of this kind, but I think that I might quite appropriately refer here to the case of General Film Company of Missouri v. General Film Company of Maine, 8 Cir., 237 F. 64, 65; also Material Men's Mercantile Association v. New York Material Men's Mercantile Association, Inc., 1st Dept., 169 App.Div. 843, 155 N.Y.S. 706.

VII. The foregoing shall be considered the findings of fact and conclusions of law in this matter, and an order so providing may be presented separately on the usual notice or may be included in the final decree to be entered herein.

VIII. As to the decree here, it may provide that the defendant shall be enjoined from using the name "North American Thread Company", or any name involving the use of the word "American" in connection with the word "Thread", and also enjoining it from using hereafter on any of its packages, boxes, spools, tubes or cuffs, or any other printed matter or advertisement, the red seal trade-mark with the map of North America on it as hitherto used.

IX. There has been exhibited as defendant's Exhibit B, a type of package which it is claimed is now being used by the defendant. As to that I have to say that the marking of these boxes must be changed by the omission of the red seal and that the marking on the cuff must be changed by the omission of the red seals and the use of the words "American" and "Thread" in the name printed on them. The seal on the end of the spool, however, in defendant's Exhibit B, which I

may call their present style of package, does not seem to me to be an infringement of the plaintiff's trade-mark although the words "North American Thread Company" may no longer be used thereon.

X. I do not grant an accounting here because counsel for plaintiff has not pressed for an accounting and it seems to me that it is unnecessary. The defendant is not a large concern and its impingement on the plaintiff's rights can be cured by the injunction, and, consequently, I think it is sufficient to have a final decree as I have indicated above. The decree, of course, will carry costs with a provision that execution can be issued for such costs if they are not paid.

A separate order may be presented to me for a suspension until February 1, 1936, of the injunction—which is to be contained in the final decree herein—in respect of any labels or printed matter which the plaintiff now has in his possession, but such suspension shall not be extended beyond the first of February, 1936, for any labels or printed matter whether now in defendant's possession or hereafter printed.

Settle order and decree on notice unless agreed.