WHOLESALE SERVICE SUPPLY CORPORATION, Respondent, *v.* WHOLESALE BUILDING MATERIALS CORP., Appellant.

Fourth Department, May 14, 1952.

*John M. Henley* and *George R. Fearon* for respondent.

*William J. Mackay* for appellant.

*Per Curiam.* This appeal is from a judgment permanently enjoining the defendant, its agents and officers, from the use of the word " Wholesale " in its corporate name and from using it on its catalog and other advertising media.

Plaintiff was incorporated in March, 1935, under its present corporate name; defendant was incorporated in January, 1935, under the name of Roofers Supply Co., Inc. Defendant originally dealt in roofing supplies, but in 1949, when it enlarged its line of products to include building materials, it changed its corporate name to Wholesale Building Materials Corp.

Both parties are now engaged in the business of selling building materials to the wholesale trade. Neither sells at retail. It appears from the evidence that many of those having business relations with the plaintiff had become accustomed to refer to the plaintiff as "Wholesale". Since the defendant changed its corporate name so as to include the word "Wholesale", it appears that some confusion has arisen such as (1) mistakes of truck drivers who have gone to the wrong plant in carrying out their errands to deliver or pick up materials; (2) mistakes on the part of postal employees in sorting or delivering mail; (3) mistakes in telephone calls; (4) customers dealing with both companies have occasionally erroneously inserted price lists coming from one company in the catalog of the other. There is, however, no evidence of any confusion in the mind of the trade as to the identity of the two corporations or that anyone has traded with the defendant corporation in the belief that he was trading with the plaintiff. There is no evidence of any misrepresentation on the part of the defendant. We find no evidence that plaintiff has suffered any loss of business or good will or that there is any reasonable likelihood of such loss in the future.

The word "Wholesale" is not susceptible of appropriation or exclusive use in the plaintiff, nor can it be held to have acquired a secondary meaning such as to prevent its use coupled with the words "Building Materials Corporation" in defendant's corporate name. We conclude that the injunction was improperly granted. (See *Eastern Constr. Co.,* v. *Eastern Engineering Corp.,* 246 N. Y. 459; *Buffalo Typewriter Exchange* v. *McGarl,* 240 N. Y. 113; *Neva-Wet Corp.* v. *Never Wet Processing Corp.,* 277 N. Y. 163; *Material Men's Mercantile Assn.* v. *New York Material Men's Mercantile Assn.,* 169 App. Div. 843, affd. 224 N. Y. 670; *Material Men's Mercantile Assn.* v. *Material Men's Credit Agency,* 191 App. Div. 73, and *Romeike, Inc.* v. *Romeike & Co.,* 179 App. Div. 712, affd. 227 N. Y. 561.)

The judgment appealed from should, therefore, be reversed on the law and facts, with costs, and the complaint dismissed, with costs.

All concur. Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.